66 So.2d 836

### TANNER v. STATE.

#### 1 Div. 535.

Supreme Court of Alabama.

June 30, 1953.

Albert J. Tully and Holbert, Tully & Aldridge, Mobile, for petitioner.

Si Garrett, Atty. Gen., and Wm. H. Sanders, Asst. Atty. Gen., for the State.

SIMPSON, Justice.

The defendant was convicted of receiving stolen property of an amount in value sufficient to make the offense punishable as grand larceny. She appealed from that sentence.

The Court of Appeals affirmed and appellant has brought the case here for review. We are in disagreement with the opinion of that court with respect to one proposition treated which is vital to an affirmance of the judgment.

■ The Court of Appeals held admissible an ex parte affidavit introduced by the State executed by a furniture dealer, one Janney, addressed "To Whom it May Concern," and post-dating the time of the commission of the alleged offense and the arrest of the defendant, which in effect recited that the furniture dealer had sold the articles listed therein (some of the articles included in the indictment) to the prosecutrix, who claimed the defendant had feloniously obtained them. This evidence was inadmissible as hearsay. Its admission violated the plainest constitutional right guaranteed to every defendant to be confronted by the witness against him. Alabama Code, Art. 1, § 6.

■ This document was not legal for any purpose and could not have been made legal by other evidence or by otherwise framing the inquiry so the general objection was sufficient. Pope v. State, 251 Ala. 286, 36 So.2d 899; Baker v. State, 35 Ala.App. 596, 51 So.2d 376, certiorari denied, 255 Ala. 335, 51 So.2d 381.

The opinion justified the holding that the Janney affidavit was received without error on the ground that the defendant had previously introduced evidence which the opinion states to have been of like character and not admissible, viz., a bill or memorandum of sale given to defendant of certain articles of furniture and household ornaments by a merchant in New Orleans at the time she purchased them. The opinion states:

"* * * The defendant having first introduced such illegal hearsay evidence, it was not error for the court

to permit the State to rebut it by evidence of the same nature and character. Morgan v. State, 88 Ala. 223, 6 So. 761; Gordon v. State, 129 Ala. 113, 30 So. 30; Gibson v. Gaines, 198 Ala. 583, 73 So. 929."

Laying aside the constitutional question noticed above, we do not think the document evidencing the sale of the articles to the defendant was inadmissible. Going to the record for a better understanding of the exact nature of that evidence—as we have the right to do, Mutual Sav. Life Ins. Co. v. Osborne, 247 Ala. 252, 23 So.2d 867; Sinclair Refining Co. v. Robertson, 247 Ala. 260, 23 So.2d 872,—we find the proof to be that at the time defendant purchased the articles described in the instrument, the seller executed and delivered it to her. This is the only reasonable interpretation of the record and this proof made the instrument prima facie admissible. This instrument was of some evidentiary value in establishing the defendant's title to the property described in it and her testimony that it was given to her by the seller at the time of her purchase was sufficient proof of its execution to make it prima facie admissible. 32 C.J.S., Evidence, § 625, page 477; Bell v. Mobley, 183 Ga. 198, 187 S.E. 876; Cosmopolitan Trust Co. v. Cirace, 248 Mass. 98, 142 N.E. 914.

The paper was not witnessed and the execution of any unattested instrument may be proved by anyone, including the defendant, having knowledge of the facts. 32 C.J.S., Evidence, §§ 738, 740, pages 653, 658; Kelley v. Cassels, 226 Ala. 410, 147 So. 597; Brenner v. Lesher, 332 Pa. 522, 2 A.2d 731; Max Ams Machine Co. v. International Ass'n of Machinists, etc., 92 Conn. 297, 305, 102 A. 706; Weathers v. Roberts, 84 Okl. 98, 202 P. 775.

We entertain the view, therefore, that the holding of the Court of Appeals on the question was erroneous; that the Janney affidavit was not admissible and that its allowance in evidence was laid in error.

Reversed and remanded.

All the Justices concur.