253 So.2d 340

**In re George GRIFFIN, Alias**

**v.**

**STATE of Alabama.**

**Ex parte STATE of Alabama ex rel. ATTORNEY GENERAL.**

**6 Div. 837.**

Supreme Court of Alabama.

June 10, 1971.

Rehearing Denied Aug. 5, 1971.

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

McCollough & McCollough, and N. P. Callahan, Jr., Birmingham, for respondent.

MERRILL, Justice.

This court granted the writ to the Court of Criminal Appeals on the ground that the holding was in conflict with prior holdings of this court. We do not completely understand the opinion of that court but we interpreted it as holding, in part, that the bill of sale, having been signed in blank on Sunday, was void because it was in violation of Tit. 9, § 21, Code 1940, which declares that all contracts made on Sunday, with some exceptions, are void.

■ We have gone to the record for a more complete understanding of the questions treated in the opinion of the Court of Criminal Appeals, which we have a right to do where there is no dispute about the facts. Liberty Mutual Ins. Co. v. Manasco, 271 Ala. 124, 123 So.2d 527; Helms v. State, 270 Ala. 603, 121 So.2d 106; Hamm v. State, 264 Ala. 366, 87 So.2d 865; Vardaman v. Benefit Ass'n. of Railway Employees, 263 Ala. 236, 82 So.2d 272; Brown v. State, 249 Ala. 5, 31 So.2d 681; Cranford v. National Surety Corp., 231 Ala. 636, 166 So. 721.

The Court of Criminal Appeals announced its original opinion on October 7, 1969. On October 6, 1970, the original opinion was withdrawn and the present opinion 253 So.2d 337 was substituted.

The original opinon contained some three pages of facts, while very few facts are stated in the substituted opinion.

The following are some of the undisputed facts in the record. Griffin was convicted under an indictment charging that George Griffin, with the purpose to hinder, delay or defraud Clarice Marshall who had a valid claim thereto, under a written instrument, lien created by law, or other lawful and valid claim, verbal or written, did sell or remove personal property, consisting of one two-door Hard Top Cadillac automobile of the value of $2,500.00, the said George Griffin, having at the time a knowledge of the existence of such claim, against the peace and dignity of the State of Alabama. The indictment was filed February 11, 1966.

On October 26, 1962, Griffin gave a mortgage on the Cadillac to Credit Service, Inc., which was recorded. In August, 1963, he borrowed $2,500.00 from Mrs. Marshall and gave her a mortgage on the same automobile. This mortgage was recorded on March 2, 1964. He had employed attorney Marcus Jones, Jr. in a legal matter but had not paid the fee. On a Sunday in May, 1964, he went to the attorney's office, and after some conversation, Griffin signed a blank bill of sale, containing no dates, no description of property, and no names except the signature of Griffin. Griffin gave the keys to the car to the attorney and told him to pick it up in Ensley, which he later did. Griffin told his attorney about the mortgage to Credit Service. The attorney began to try to sell the automobile. On July 24, 1964 (a secular day), the attorney filled in the blanks on the blank bill of sale, named himself as vendee, entered the date as July 24, 1964, a consideration of $1,500.00, described the automobile, and wrote in the bill of sale that it was subject to an estimated balance due Credit Service of $950.00. Later that day, he sold the car for $1,700.00, paid off Credit Service, and telephoned Griffin that he had sold the car, paid the mortgage and storage of $900.00 and was retaining the

$800.00 as his fee. Around the time the car was sold, the attorney testified that "George was at my office just about every day." Griffin testified that he wrote the attorney on November 3, 1964: "I have been advised to tell you that you may retain the $800.00 or better which you received from the sale of my car as your fee."

 The State made out a prima facie case under the statute, Tit. 14, § 363, Code 1940, and Griffin's action in signing a blank bill of sale, giving the car keys to his attorney and ratifying the sale by his attorney, were undisputed facts which would support a finding of intent under the statute on the part of Griffin.

In Gooch v. State, 249 Ala. 477, 31 So.2d 776, this court held that a forged check, dated and uttered on Sunday would not support an indictment for forgery because it was void under Tit. 9, § 21, the Sunday statute. It was also stated that even if a check bore a Sunday date, but "as a matter of fact, it was forged or uttered on a secular day," it would support an indictment for forgery.

 The writing and signing of a note on Sunday is not the execution of it on that day, unless it be delivered the same day to the payee, delivery being essential to make it operative as a contract; and if delivered on a subsequent day, not Sunday, it takes effect as a valid instrument from the day of delivery. Jemison v. Howell, 230 Ala. 423, 161 So. 806, and cases there cited.

 Here, a blank bill of sale was signed on Sunday, but it was not filled out until later and it bore a secular date. It was not completed and executed on Sunday and the Sunday statute, Tit. 9, § 21, is not applicable under the undisputed facts in this case.

Referring now to the question of agency raised in the opinion of the Court of Criminal Appeals, it is only necessary to say that Mr. Jones was Griffin's attorney when the car was sold and Griffin later ratified the transaction in writing if he had not authorized or ratified it earlier. And the record shows without dispute that Griffin wrote his letter of ratification after having received advice and counsel from a different member of the bar who was one of his own choosing.

 We think the agency was more than an assumed agency, but we have held that the affirmance of an assumed agency in the disposition of property is a single act; and when a party has once ratified such transaction, he cannot be heard afterwards to disaffirm it. Whitfield v. Riddle, 78 Ala. 99. And after such ratification, the sales contract is binding upon the principal as though he had joined in the execution in the first instance, or expressly authorized the agent to sign for him. Donald v. Reynolds, 228 Ala. 513, 154 So. 530, and cases there cited.

The judgment of the Court of Criminal Appeals is reversed and the cause is remanded.

Reversed and remanded.

All the Justices concur.