286 So.2d 315

**In re Eddie NIXON, alias Edward "Edwierdo" Nixon**

**v.**

**STATE of Alabama.**

**Ex parte STATE of Alabama ex rel. ATTORNEY GENERAL.**

**SC 311.**

Supreme Court of Alabama.

Sept. 6, 1973.

William J. Baxley, Atty. Gen., and Don C. Dickert, Asst. Atty. Gen., for the State.

658

David L. Thomas, Huntsville, for respondent.

MADDOX, Justice.

Defendant was indicted on October 2, 1970, for possessing, transporting, delivering, selling, etc., seven tablets containing Lysergic Acid Diethylamide (LSD–25). He was convicted of possession of LSD in a trial by jury in the Madison Circuit Court on October 23, 1970.

On appeal to the Court of Criminal Appeals, the judgment of conviction was reversed, that court holding that the trial court committed reversible error in overruling the defendant's motion to quash the jury venire.

 It is clear from the opinion of the Court of Criminal Appeals and from an examination of the original record [1] that the Court of Criminal Appeals held that the trial court "committed reversible error in overruling the motion to quash without giving the movant an opportunity to be heard and submit evidence." We think the Court of Criminal Appeals erred in reversing the trial for at least these reasons: (1) the defendant did not ask for any relief or for an opportunity to be heard; (2) the order of the trial court denying the motion states that the motion "came on to be heard" and (3) the presumption is in favor of the regularity of proceedings surrounding the selection of

the jury venire, in the absence of proof to the contrary, or an offer of such proof.

The Court of Criminal Appeals admits that the defendant made no prayer for any specific relief in his motion to quash.

The motion to quash does not contain a request to be heard and present evidence. While the record does not show that a hearing was held, the record does not show that a hearing was not held. In fact, the order of the trial court denying the motion to quash states as follows:

"This cause coming on to be heard on a Motion by the Defendant to quash the jury venire and for continuance and hearing on same, submitted to me on the 22nd day of October, 1970, and the Court having considered same, is of the opinion that the Motion is not well taken."

The Court of Criminal Appeals held that one of the grounds of the motion alleged that the venire did not represent a cross-section of the citizens of Madison County, and that this Court held on September 3, 1970 that the system employed by the jury commission of Madison County in selecting jurors to be enrolled then in effect and followed did not meet the mandates of law. State, ex rel. Gregg v. Maples, 286 Ala. 274, 239 So.2d 198 (1970). The Court of Criminal Appeals held:

"Whether the jury commission thereafter [September 3, 1970] and before October 22, 1970, the date the motion

---

**Footnote:**

1. Where there is no dispute about the facts, the Supreme Court may examine the record for a more complete understanding of those features of the record which were treated in the opinion of the court of appeals. Donahay v. State, 287 Ala. 716, 255 So.2d 599 (1971); Griffin v. State, 287 Ala. 574, 253 So.2d 340 (1971). In the instant case, the Court of Criminal Appeals found that the defendant's motion to quash the venire, which was overruled without a hearing, "did not seek specific relief." Looking to the record for a more complete understanding of this factual finding, we find that the motion consisted of the following:

"MOTION TO QUASH JURY VENIRE AND FOR CONTINUANCE
"Comes now the Defendant, George Edward Nixon, by and through his attorney and shows to this Honorable Court that said action is set for jury trial before this Honorable Court on the 19th day of October, 1970, and further says and avers to this Honorable Court as follows as grounds for the relief hereinafter prayed for, separately and severally . . . ."
There follow twenty grounds of said motion and the signature of defendant's attorney. At no point in said motion does defendant seek *any* relief, general or specific.

was filed and the defendant put to trial, revised the jury roll in accordance with the Supreme Court decision, supra, is not shown by the record before us."

■ There is a presumption that no legal fraud exists in the system used for the selection of jurors, in the absence of proof to the contrary, or an offer of such proof. Smith v. Louisville & N. R. R., 219 Ala. 676, 123 So. 57 (1929). It is apparent that the defendant did not present any proof or offer to present proof of the allegations made in his motion to quash.

Consequently, the judgment of the Court of Criminal Appeals is due to be reversed.

Reversed and remanded.

MERRILL, HARWOOD, BLOODWORTH, McCALL, FAULKNER and JONES, JJ., concur.

HEFLIN, C. J., and COLEMAN, J., dissent.