364 So.2d 359 (1978)
In re Milton SATTERWHITE
v.
STATE of Alabama.
Ex parte Milton Satterwhite.
77-315.
Supreme Court of Alabama.
September 15, 1978.
Rehearing Denied November 10, 1978.
David B. Byrne, Jr., and Robert T. Meadows, III, Montgomery, for petitioner.
William J. Baxley, Atty. Gen., and C. Lawson Little, Asst. Atty. Gen., for the State, respondent.
TORBERT, Chief Justice.
Milton Satterwhite was convicted in Lee County Circuit Court of possession of barbiturates, fined $1,000 and sentenced to fifteen years imprisonment. Certiorari was granted by this court to review the decision of the Court of Criminal Appeals affirming Satterwhite's conviction. We reverse that judgment and remand the cause to the appeals court.
A full statement of the facts is set forth in the opinion of the Court of Criminal Appeals. Briefly, the pertinent facts are these. On May 1, 1975 officers of the Auburn Police Department searched a trailer allegedly occupied by Anna C. Brookshire and Satterwhite. The search warrant obtained by the officers was based upon information supplied by a "reliable informant" and allowed the officers to search not only the premises, but all persons found on the premises and Miss Brookshire's automobile.
The officers searched the inside of the trailer and the area surrounding it, finding paraphernalia often associated with the use of marijuana, a bottle containing marijuana seeds, a plastic bag containing a small amount of marijuana, and a plastic bottle containing a quantity of hashish and a variety of pills which were later found to contain phenobarbital. Several pieces of mail addressed to Satterwhite at the trailer park address were also seized.
*360 Miss Brookshire was present during the search. Satterwhite did not arrive at the trailer until after the search had been completed. No drugs were found on his person.
At trial, during the examination of the state's first witness, Officer Ray W. Plant, the jury was excused by the trial court for the purpose of hearing Satterwhite's motion to suppress the evidence obtained by virtue of the search warrant. When the jury returned, the District Attorney offered the affidavit for the search warrant, the search warrant and the return issued by the magistrate. Satterwhite's counsel interposed a general objection to the introduction of these papers. The trial court overruled the objection and the evidence was admitted.
On appeal to the Court of Criminal Appeals, Satterwhite argued that the admission into evidence of the above listed papers constituted reversible error because the affidavit in support of the search warrant contained inadmissible hearsay allegations of an informant. The Court of Criminal Appeals decided to the contrary, stating that in the absence of a specific objection to the admissibility of this evidence, the point of error was not preserved for review. We do not agree with this conclusion.
Although it is generally recognized that a specific objection to evidence offered is a condition precedent to appellate review, a general objection is sufficient to predicate error on appeal if the evidentiary matter to which it was addressed is patently inadmissible. McElroy's Alabama Evidence § 426.01(7)-(10) at 797-802 (3d 1977). Stated differently, a general objection to admission of evidence should be sustained if the evidence is illegal for any purpose and cannot be made legal by introducing other evidence or by otherwise framing the inquiry. Loyd v. State, 279 Ala. 447, 186 So.2d 731 (1966); Tanner v. State, 259 Ala. 306, 66 So.2d 836 (1953); Helms v. State, 34 Ala.App. 82, 37 So.2d 229 (1948). Thus, Satterwhite's general objection to the introduction of the affidavit, search warrant and return in the present case is sufficient against admission of these papers if this evidence is patently illegal and cannot be made legal.
Where there is no dispute about the facts, we may examine the record for a more complete understanding of those features of the record treated in the opinion of the Court of Criminal Appeals. Yelton v. State, 294 Ala. 340, 317 So.2d 331 (1974); Nixon v. State, 291 Ala. 657, 286 So.2d 315 (1973); Griffin v. State, 287 Ala. 574, 253 So.2d 340 (1971).
A thorough examination of the record shows that defense counsel in no way inquired into the sufficiency of the affidavit and search warrant in the presence of the jury. Nevertheless, the District Attorney offered the affidavit, search warrant and return into evidence.
A review of the affidavit and search warrant shows that these papers set forth information received by the affiant police officer from his informant concerning the informant's observations of drug related activities which occurred at the Brookshire trailer. Hearsay information may serve as a basis for an affidavit, Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), and may be used to determine probable cause for issuance of the search warrant. See, e. g., Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). However, it may not be used as primary evidence to establish guilt during the trial.
In Reeder v. State, 294 Ala. 260, 314 So.2d 853 (1975), this court stated the following concerning admissibility of hearsay evidence of an informant as contrasted with admissibility of hearsay evidence to establish probable cause for issuance of a search warrant:
"It should be noted that the only evidence of sale of marihuana was rank hearsay of an unidentified informant. It is proper to consider this type of evidence from a proven reliable source in determining probable cause to search. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). But this evidence is inadmissible at trial to prove a fact in issue."
Id. at 265, 314 So.2d at 857.
Applying these principles to the present appeal, it is clear that, although the hearsay *361 allegations of the informant contained in the affidavit in support of the search warrant could have been considered by the trial court in determining probable cause for the search of Brookshire's residence, such information had no place in the trial itself. This document was illegal evidence placed before the jury whose duty it was to decide the ultimate issue of Satterwhite's guilt or innocence, not to determine probable cause for the search.
We find that the affidavit and search warrant were not admissible at trial to prove a fact in issue, that the general objection was therefore sufficient and that the trial court's allowance of these papers into evidence before the jury constitutes reversible error. Accordingly, the holding of the Court of Criminal Appeals on this issue is erroneous and the cause is reversed and remanded.
REVERSED AND REMANDED.
BLOODWORTH, FAULKNER, JONES, ALMON and SHORES, JJ., concur.
MADDOX, J., dissents.
EMBRY, J., not sitting.
BEATTY, J., recuses himself.
MADDOX, Justice (dissenting).
The majority finds that the affidavit and search warrant and return were "not admissible at trial to prove a fact in issue." Nevertheless, the majority concedes that the affidavit contained information that drug related activities were occurring at the Brookshire trailer. The sheriff's return confirmed it. Admittedly, all this information was hearsay, but it was certainly not patently inadmissible, as the majority finds, because it was highly relevant to Satterwhite's guilt. In Small v. State, Ala.Cr. App., 348 So.2d 507, this Court stated:
"The reversal of that conviction was based upon the conclusion of that unanimous court that the testimony of a police officer, pertaining to information furnished him through a telephone conversation with an informant, was inadmissible hearsay which could not be considered as evidence in the trial itself. We granted the writ to determine whether the Court of Criminal Appeals had followed the rules of Granberry v. Gilbert, 276 Ala. 486, 163 So.2d 641 (1964) and Langford v. State, 54 Ala.App. 659, 312 So.2d 65 (1975) which held that the General objection is insufficient to place the trial court in error when it overrules that objection.
"The opinion of the Court of Criminal Appeals treated the allegations of the informant, as recited by the police officer, as rank hearsay, admissible in determining probable cause but inadmissible in the trial. But hearsay evidence is not inherently inadmissible unless it is patently inadmissible for any purpose, Loyd v. State, 279 Ala. 447, 186 So.2d 731 (1966); U. S. v. Costello, 221 F.2d 668 (2nd Cir. 1955); Granberry v. Gilbert, supra."
In Small, this Court affirmed the judgment because a specific objection was being made in that case.
In Neugent v. State, Ala.Cr.App., 340 So.2d 55, cert. denied, Ala.Cr.App., 340 So.2d 60 (1976), cert. denied, 430 U.S. 969, 97 S.Ct. 1653, 52 L.Ed.2d 361 (1977), it was held:
"When the affidavit and warrant were admitted into evidence during the trial, the appellant renewed the objection he raised during the suppression hearing. He did not object on the ground that it was hearsay. The trial judge was not in error in overruling the objection on the grounds specified, although the documents were clearly hearsay and subject to exclusion upon proper objection. Where the appellant made objection on specific grounds when the documents were introduced, all grounds not specified were waived. Roynica v. State, 54 Ala.App. 436, 309 So.2d 475, cert. denied 293 Ala. 772, 309 So.2d 485 (1974); Rogers v. State, 53 Ala.App. 573, 302 So.2d 547 (1974). Proper objection must have been made at the time the evidence was offered. An objection during closing arguments to reading from an exhibit already in evidence comes too late. Walker v. State, 265 Ala. 233, 90 So.2d 221 (1956)."
*362 Had the defendant made a specific objection, at trial, and had the trial judge sustained that objection, the state could have then decided whether to put the informant on the stand as a witness, and could also have produced the officer who made the return on the warrant to testify, in court, what was found.