First degree murder; sentence: life imprisonment.
On the morning of October 19, 1978, L.C. Barnett was deer hunting in the Bankhead Forest when he discovered the body of Joe E. Fowler, Jr. The victim had been killed by a shotgun blast. The body was located off Cranal Road in Winston County.
The evidence for the State revealed that several days prior to the death of Mr. Fowler, he and the appellant had participated in the theft of some automobiles. Fowler was apprehended during the theft of one of the automobiles. He signed a confession admitting his involvement and implicated the appellant in the thefts.
James Thorton testified that the appellant and the victim were at his home the *Page 448 
night before the body was found. The appellant told Thorton that the victim was either going to have to leave town or that he would have to kill him. That same night the appellant told John Rayburn Lawson that he was going to get the victim a bus ticket out of town because of some problems about stolen automobiles.
On the morning the body was discovered, the appellant again came by Thorton's home and told Thorton and Lawson that he did not have to worry about the victim any longer because he had killed him. The appellant stated that he had killed the victim with a shotgun because the victim had turned State's evidence against him. The evidence was therefore sufficient to go to the jury.
The only issue to be raised on appeal concerns whether venue was proven. The appellant specifically raised that question in his motion to exclude the evidence at the conclusion of the State's evidence. He contends that the State only proved where the body was found and not where the death took place.
Under Alabama law venue is in the county where the offense was committed, and it may be established by circumstantial evidence. Section 15-2-2, Code of Ala. 1975; Willcutt v. State,284 Ala. 547, 226 So.2d 328 (1969).
The body was found in Winston County approximately fifteen to twenty feet off a one lane gravel roadway. There were splatter marks of blood between the body and the roadway.
John H. Kilburn, a State Toxicologist, testified that the death was caused by a shotgun wound to the victim's back. He stated that the victim would have died in less than five minutes and would have lost a large amount of blood.
Jerry Thomas, an investigator for the Alabama Department of Public Safety, testified that he was present at the crime scene when the body was moved. He stated that when the body was turned over a large amount of blood flowed from the wound in the victim's back. He estimated the amount to be a quart.
In the case of State v. Fabian, Miss., 263 So.2d 773, 775
(1972), it was stated: "[T]he finding of a dead body in a particular county raises a presumption, or supports an inference, that the killing took place there." The opinion inFabian, supra, goes on to quote from 22 C.J.S. Criminal Law § 185 (17):
 ". . . Aside from any statutory provision, the finding of a body in a county would warrant a finding that the murder was committed in that county. One should not be permitted to escape punishment for murder because he is clever enough to conceal the place where the victim was killed or died. . . ."
Proof of venue is sufficient in a criminal case if, from all the facts and circumstances adduced, venue can be reasonably inferred by the jury. Tanner v. State, 37 Ala. App. 256,66 So.2d 827 (1952), reversed on other grounds, 259 Ala. 306,66 So.2d 836.
Under the facts adduced in the instant case, the jury may have reasonably inferred that the instant killing took place in the county where the body was found. Clearly a jury question was presented. Willcutt, supra.
AFFIRMED.
All the Judges concur.