HUBERT TAYLOR, Judge.
Appellant was convicted in the Dallas County Circuit Court on December 6, 1982, of robbery in the first degree in violation of § 13A-8-41, Code of Alabama 1975. A sentence hearing was held, after which the court fixed appellant’s punishment at life in the penitentiary. This appeal followed.
The issue raised on appeal is whether appellant was entitled to a hearing on his motion to quash the venire. The motion contained an averment based upon “information and belief” that the venire had not been drawn from the master jury box in accordance with § 12-16-55, Code of Alabama 1975. It was also alleged that appellant would be denied a trial before a fair cross section of the populace of Dallas County if the motion was denied. He then prayed that the venire be quashed. The motion was denied without a hearing.
First, it should be noted that the motion was filed prior to the empaneling and swearing in of the jury; therefore, it was timely made. Durden v. State, 394 So.2d 967, writ quashed, 394 So.2d 977 (Ala.1980).
Secondly, the allegation that the venire was not drawn in accordance with *629 § 12-16-55 was in essence a claim of fraud. That section declares the policy of this State to be that all persons selected for jury service be selected at random from a fair cross section of the population. Fraud, in turn, is the intentional omission from the jury roll of large numbers of citizens who possess the qualifications required by law. Gregg v. Maples, 286 Ala. 274, 239 So.2d 198 (1970). This motion, then, satisfied the requirements of § 12-16-80, Code of Alabama 1975.
In the case of Nixon v. State, 291 Ala. 657, 286 So.2d 315 (1973), the Supreme Court of Alabama held that the trial court’s denial without a hearing of appellant’s motion to quash was not error. It listed three reasons. These were: (1) the defendant did not ask for any relief or for an opportunity to be heard; (2) it was not clear from the record whether there had been a hearing or not; and (3) there was no offer of proof of the allegations in the motion.
In the case sub judiee, the written motion prayed for specific relief; additionally, the record indicates that appellant requested a hearing so that he could offer proof of his allegations. It is the opinion of this court that the hurdles of Nixon, supra, have been met by appellant and that he is entitled to a hearing on the motion.
This cause is remanded to the trial court with directions that a hearing be conducted on the merits of the motion. A transcript of the hearing with the findings of the trial court shall be returned to this court.
REMANDED WITH DIRECTIONS.
All the Judges concur.