ON RETURN TO REMAND
HUBERT TAYLOR, Judge.
On return to remand, the record shows that an evidentiary hearing was held on the issue of systematic exclusion of blacks from the jury venire, in compliance with our opinion issued August 16, 1983, 437 So.2d 628. The evidence presented during that hearing tended to show the master jury box was comprised of names from the registered voters’ list and the tax assessor’s list in strict compliance with federal court orders. Additionally, it was shown that seven percent or less of the qualified prospective jurors were not included in at least one of these two lists. Finally, it was shown that the make-up of the master jury box for the year in question was thirty-eight percent black and sixty-two percent white in a county in which the population is approximately equally divided between blacks and whites.
Appellant Jones has not shown intentional exclusion of blacks from the master jury roll; rather, he relies on the numerical disparity noted above. As we held in Rainer v. State, 342 So.2d 1348 (Ala.Cr.App.1977), a mere statistical disparity will not suffice. That is especially true when, as here, the jury roll is comprised in strict compliance with federal court orders.
The judgment of conviction of the lower court is hereby affirmed.
AFFIRMED.
All the Judges concur.