Jeffery Williams was charged in four separate indictments with first degree robbery, rape, sodomy and kidnapping. He was found "guilty as charged" by the jury in each of the four cases and sentenced to 99 years' imprisonment on each charge.
Prior to trial, appellant's counsel challenged the use by the district attorney of *Page 373 
certain peremptory challenges in which "four blacks out of seven strikes" were used to remove certain black individuals from the jury venire. (TR 18-19).
Thereafter, the district attorney endeavored to give his explanation for his use of such strikes.
Since this cause was tried, however, the Supreme Court of Alabama has laid down certain guidelines in the case ofPreston Branch v. State, 526 So.2d 609 (Ala. 1987), modified on rehearing (December 4, 1987), which are applicable to the case at bar.
Of the nine guidelines listed by the Supreme Court of Alabama in Preston Branch, supra, at least four are applicable to the case at bar.
Preston Branch establishes certain standards for the trial courts to use in determining whether or not a prima facie case of purposeful discrimination under Batson v.Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69
(1986) and Griffith v. Kentucky, 479 U.S. 314,107 S.Ct. 708, 93 L.Ed.2d 649 (1987) has been established.
In accordance with the foregoing decisions and, also, withJackson v. State, 516 So.2d 768 (Ala. 1986), this cause is remanded to the trial court to conduct proceedings consistent with the guidelines and standards adopted in theBranch and Jackson opinions. The trial court is instructed to have the appellant and his counsel present at such hearing and require the State of Alabama, through its district attorney, to set forth its reasons in using its peremptory challenges to remove the black persons shown by the record in this cause.
The appellant and his counsel shall be given an opportunity to respond.
Following such hearing, a due return shall be filed in this court showing the testimony taken in circuit court on this question and the findings and conclusions of the trial judge, by written opinion, with reference to the evidence developed at such hearing. Branch, supra.
The trial court is instructed to file its findings of facts and conclusions, together with its return, in this court within a reasonable time after the entry of this remand.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.