James Carrick was convicted of robbery in the first degree, in violation of § 13A-8-41, Code of Alabama 1975. The trial court sentenced the appellant pursuant to the Alabama Habitual Felony Offender Act to life imprisonment without parole.
The appellant, a black male, claims that he was unconstitutionally denied a fair trial, relying on the holding of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712,90 L.Ed.2d 69 (1986). Defense counsel timely objected to the jury panel based on the State's alleged discriminatory use of its peremptory challenges, in violation of Batson v. Kentucky, supra, and Ex parte Branch, 526 So.2d 609 (Ala. 1987). The trial court apparently found that the defense had established a prima facie case of racial discrimination and required the prosecutor to state the reasons for his strikes, and the following reasons were given:
 "[District attorney]: State's first strike was number twenty-six. Twenty-six was a white male twenty-one years of age. He was also on a jury I had the other day, a robbery first degree case, in which the jury took three minutes to acquit the defendant.
 "State's second strike was number thirty-three. Number thirty-three has a criminal record, arrested for harassment, 1986, another harassment charge in '86, also convicted of passing bad checks in 1979. This was a black male.
 "THE COURT: Any white on the jury got criminal records?
 "[District attorney]: Not as far as I could tell, Your Honor.
"THE COURT: Okay.
 "[District attorney]: Number sixty-five was State's third strike. Number sixty-five also was on the jury that I had the other day in which the jury voted to acquit the defendant after three minutes of deliberation.
"THE COURT: Okay.
 "[District attorney]: State's fourth strike was number eighty-four that was also on the jury.
"THE COURT: Same jury?
 "[District attorney]: Same jury. And for the same reasons I struck her.
"THE COURT: Okay.
 "[District attorney]: State's fifth strike was number one twelve. I struck this black male who is age twenty-three, works with the Sanitation Department. The defendant is between the age of twenty-five, twenty-eight years old. I felt like he might assimilate [sic] with *Page 32 the defendant in this case. There were no other young black males that I could see on the jury venire.
 "There was a white female age twenty-seven years of age. I did not strike her. She was a black — excuse me, she was a white female with Real Estate Finance. That is the reason why I struck number one twelve.
"THE COURT: Okay.
 "[District attorney]: Number ninety-four is a white female age thirty-five. She was also on the jury. That's why I struck her.
"THE COURT: Okay.
 "[District attorney]: There were other persons that I did not strike that were on the jury. Number ninety-five was a white female age fifty-seven. I did not strike her because I didn't have enough strikes. And I was planning on also striking number seventeen, but the defense struck him."
The trial court found all of the reasons racially neutral and overruled defense counsel's objection. On motion for new trial, the defense contended that it was a mere sham for the prosecutor to strike a black male veniremembers who was 23 years old and near the defendant's age while not striking a white female who was 27 years old.
In Powell v. State, 548 So.2d 590, 593 (Ala.Cr.App. 1988), this court took note of what the Alabama Supreme Court observed in Ex parte Branch:
"In Ex parte Branch, our Supreme Court observed:
 " 'Once the prosecutor has articulated a nondiscriminatory reason for challenging the black jurors, the other side can offer evidence showing that the reasons for explanations are merely a sham or pretext. [People v.] Wheeler, 22 Cal.3d [258] at 282, 583 P.2d [748] at 763-64, 148 Cal. Rptr. [890] at 906 [1978]. Other than reasons that are obviously contrived, the following are illustrative of the types of evidence that can be used to show sham or pretext:
" '. . . .
 " '3. Disparate treatment — persons with the same or similar characteristics as the challenged juror were not struck. Slappy [v. State,] 503 So.2d [350] at 354 [Fla. Dist. Ct. App. 1987]; [People v.] Turner, 42 Cal.3d [711] at 725, 726 P.2d [102] at 110, 230 Cal.Rptr. [656] at 664 [1986]; Wheeler, 22 Cal.3d 282, 283 [583] P.2d at 760, 148 Cal.Rptr. at 906.' "
In the instant case, the State engaged in the type of disparate treatment denounced in Branch. See also Acres v.State, 548 So.2d 459 (Ala.Cr.App. 1987) (wherein this Court held that the validity of the prosecutor's reasons for striking two black venirepersons because they had had traffic citations did not "stand ap under close scrutiny" when the record revealed that two white jurors who served on the jury had similar traffic offenses, at 473). Here, as in Acres, the State simply did not remove white persons for the same reasons given by the State for removing blacks.
The trial court's failure to grant the motion for new trial was, therefore, error. "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." Davis v. State,555 So.2d 309, 312 (Ala.Cr.App. 1989). See also Williams v. State,534 So.2d 372, 376 (Ala.Cr.App. 1988).
Because the State exercised its peremptory challenges in violation of Batson v. Kentucky and Ex parte Branch, appellant is entitled to a new trial.
REVERSED AND REMANDED.
All the Judges concur. *Page 33