The appellant was indicted for three counts of theft of property in the second degree. He was convicted on two counts of the lesser-included offense of negotiating a worthless instrument and was sentenced to three months' imprisonment in the county jail on each count, with the sentences to run consecutively. He was further ordered to pay attorney fees and restitution.
 I
The appellant argues that the trial court erred in failing to find that the prosecutor used his peremptory strikes in a racially discriminatory manner. The State argues that the appellant's objection on this ground was untimely. However, the prosecutor was required to come forward and give reasons for his strikes and the trial court determined that those reasons were race-neutral. The Alabama Supreme Court, in Ex parteWilliams, 571 So.2d 987 (Ala. 1990), addressed a situation where, although an untimely motion was made pursuant to Batsonv. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the State gave reasons for the strikes without arguing procedural default to the trial court. The trial court then ruled on the merits. The Alabama Supreme Court held that, because the trial court's ruling was erroneous, the ruling could not be upheld on appeal based on a procedural default that was never brought to the attention of the trial court. Because in the present case the trial court heard the prosecutor's reasons and determined that these reasons were race-neutral, this court must look to the reasons to ensure that they were.
The record indicates that the prosecutor struck two veniremembers from the jury. One of the black veniremembers was struck because he was approximately the same age as the appellant. Although age has been held to be a "highly suspect" reason, Ex parte Bird, 594 So.2d 676 (Ala. 1991), the prosecutor in the present case demonstrated that he had struck white veniremembers based on the same reason. Fisher v. State,587 So.2d 1027 (Ala.Cr.App. 1991) (age held to be race-neutral where juror's children were approximately the same age but court noted that as the defendant and white veniremembers with children the same age were also struck). Cf. Carrick v. State,580 So.2d 31 (Ala.Cr.App. 1990) (judgment reversed where prosecutor responded that black veniremember was struck for age, but court noted that white veniremembers, who were approximately the same age as black veniremember, were not struck). Additionally, the prosecutor stated that this black veniremember was struck because he had been employed at several minimum wage jobs, and because the instant case concerned negotiating a worthless instrument, he reasoned that the juror might sympathize with the appellant where he was inclined to have financial problems similar to the appellant's. Ex parteBranch, 526 So.2d 609 (Ala. 1987) (reasons based on specific facts of the case constitute race-neutral reasons). Moreover, the prosecutor gave the names of several white jurors who were struck for the same reason. Dill v. State, 600 So.2d 343
(Ala.Cr.App. 1991).
The other black veniremember was struck because she was unemployed; the prosecutor stated that he used two strikes to strike unemployed jurors and that the other juror struck for this reason was white. See Cowan v. State, 579 So.2d 13
(Ala.Cr.App. 1990) (veniremember's history of unemployment was race-neutral reason). Moreover, the prosecutor related certain responses given by this potential juror to a questionnaire and stated that these responses caused him to conclude that "she had diminished capacity to reason and think." Based on the specific facts stated by the prosecutor to support his conclusion, we find this to be a racially-neutral reason. Cf.Ex parte Bird, 594 So.2d 676 (Ala. 1991) (wherein the Alabama Supreme Court noted that where a prosecutor gave "communication difficulty" as a reason for the exclusion of a veniremember, such an explanation may be subject to abuse because of its "insusceptibility to an objective evaluation by the trial judge"). Therefore, we find that the prosecutor gave sufficiently *Page 423 
race-neutral reasons for the exercise of his two peremptory challenges against black veniremembers.
 II
The appellant argues that the trial court abused its discretion in overruling his objection to the prosecutor's statements which allegedly made "veiled references" to the accused's failure to testify. The record indicates that the following transpired during the prosecutor's closing arguments to the jury:
 "[PROSECUTOR]: Assertions that Mr. Steeley made in representing himself in this case, questioning and examining witnesses about lost deposits and things such as that, that's not evidence. There is no evidence of that. The evidence you have is from that witness stand and it is based upon that and that alone along with the Exhibits —
"[APPELLANT]: Objection, Your Honor.
 "[PROSECUTOR]: — Along with the Exhibits that you make your decision and your verdict. Let me — since I've been interrupted, let's get the grounds out. I'd like —
 "THE COURT: All right. Now, the ground rules are, this is closing arguments.
"[APPELLANT]: Yes, sir.
 "THE COURT: This is not — he can argue any reasonable inferences that may have been adduced or could be taken from the evidence and —
 "[APPELLANT]: But there was a subliminal remark there that I would like —
 "THE COURT: We're not here interested in sublimity, whatever you want to call it. Proceed."
 "Generally, improper argument of counsel is not a valid ground for a motion for a new trial or subject to review on appeal unless there is a timely and specific objection by counsel or a motion to exclude, and adverse ruling thereon by the trial court, or a refusal of the trial court to make a ruling, and an objection thereto."
Trawick v. State, 431 So.2d 574, 578 (Ala.Cr.App. 1983).
The appellant made a general objection to the prosecutor's comment and, therefore, did not adequately preserve this matter for review. Moreover, his reference to the "subliminal" nature of the comment did not adequately apprise the trial court of the nature of his objection, nor did the appellant follow up on his objection to explain his grounds.
 III
The appellant argues that the trial court abused its discretion and deprived him of his right to a fair trial by refusing to allow the appellant to cross-examine certain witnesses and to present certain evidence. Specifically, the appellant complains that he was prevented from questioning the victim concerning who had obtained and had signed the warrant. The trial court ruled that these questions either were matters of law, to be taken up outside the presence of the jury, or were irrelevant. Whether the victim or his employee signed the warrant against the appellant was irrelevant. Moreover, the number of typewriters the witness had purchased from the appellant over the years was also irrelevant, as was the appellant's question concerning who had "altered" the business record by using a highlighter. Although the appellant cites a number of alleged instances of improper limitation of cross-examination, the record indicates that these instances were irrelevant to the case.
 "In Collins v. State, 364 So.2d 368, 371
(Ala.Cr.App.), cert. denied, 364 So.2d 374 (Ala. 1978), we stated the following:
 " 'The scope of cross-examination in a criminal proceeding is within the discretion of the trial judge and it is not reviewable except for the trial judge's prejudicial abuse of discretion. Jackson v. State, Ala.Cr.App., 353 So.2d 40, cert. denied, 353 So.2d 48 (1977). McFerrin v. State, Ala.Cr.App., 339 So.2d 127 (1976). The right to a thorough and sifting cross-examination of a witness does not extend to matters that are collateral or immaterial and *Page 424 
the trial judge is within his discretion in limiting questions which are of that nature. McLaren v. State, Ala.Cr. App., 353 So.2d 24, cert. denied, 353 So.2d 35 (1977); McDonald v. State, Ala.Cr.App., 340 So.2d 103 (1976).'
 "See also Burton v. State, 487 So.2d 951
(Ala.Cr.App. 1984). While rather wide latitude is allowed on cross-examination, the court has reasonable discretion in confining the examination to prevent diversion to outside issues."
Beavers v. State, 565 So.2d 688, 690 (Ala.Cr.App. 1990).
Although the appellant appears to make a claim that he was unaware of the nature of the charges that were being raised against him because of some alleged previous indictment, he further claims that he filed a "Motion pursuant to Rule [10(f)], Alabama Rules of Appellate Procedure," requesting that the "entire record of the previous indictment cases" be supplemented to the record in this case. While it is the defendant's duty to use a Rule 10(f) Motion to Supplement the Record, Hagood v. State, 588 So.2d 526 (Ala.Cr.App. 1991), no such supplement has been filed in this case. This court will not predicate error on a silent record. Goodson v. State,588 So.2d 509 (Ala.Cr.App. 1991); Billingsley v. State,583 So.2d 1363 (Ala.Cr.App. 1991); Foster v. State, 591 So.2d 151
(Ala.Cr.App. 1991).
The appellant also argues that the trial court erred in denying his "Motion to Dismiss Indictment and Stay Proceeding, and for Discovery Concerning Jury Selection." On appeal, he cites no cases and offers no discussion as to this alleged error. A review of the motion contained in the record indicates that the appellant was raising a fair cross-section argument to the jury pool composition and requesting certain cursory information pursuant to this claim. The appellant has failed to make a prima face showing of a violation of the constitutional requirement that both grand and petit juries be drawn from a panel of prospective jurors that represents a fair cross-section of the community. Sanders v. State, 426 So.2d 497
(Ala.Cr.App. 1982).
 " ' "The discriminatory application of racially-neutral statutes can be attacked in three ways. The first entails a demonstration of discriminatory outcome of the selection procedure. Pursuant to this method the challenger has the burden of establishing a prima facie case by producing evidence which proves that there is a substantial disparity over time between the percentage of the cognizable community group on the jury roll or venire and that group's percentage in the relevant population. Once a prima facie case has been proven, the burden shifts to the State to justify the discrepancy. The second method involves a showing that discriminatory selection procedures have been indulged in by the selectors. Thus, evidence proving that the selectors have failed to take affirmative steps to comply with the two-fold constitutional duty imposed upon them and described above will allow the challenger to succeed. The actual outcome of the selection process is wholly inconsequential to the success or failure of this method. The third and final requires the demonstration of a combination of factors indicative of discrimination and may involve proof called for by the first and second methods in addition to other evidence."
 " 'Sperlich Jaspovice, Grand Juries, Grand Jurors and the Constitution, 1 Hastings Const. L.Q. 63, 80-81 (1974).' "
Huff v. State, 596 So.2d 16 (Ala.Cr.App. 1991).
 " 'Neither the jury roll nor the venire need be a perfect mirror of the community nor accurately reflect the proportionate strength of every identifiable group.' Carter v. State, 53 Ala. App. 43, 297 So.2d 175, 180 (Ala.Cr.App. 1974). 'The law in Alabama does not require, literally, that every qualified person's name be placed on the rolls or in the box. Mitchell v. Johnson, 250 F. Supp. 117
(M.D.Ala. 1966). Failure to include the names of every qualified person on the jury roll is not a ground to quash an indictment or venire, absent fraud or purposeful discrimination.' *Page 425 Lopez v. State, 415 So.2d 1204, 1209 (Ala.Cr.App. 1982)."
Id. at 20.
Moreover, while the appellant made certain discovery requests pursuant to this motion, the appellant has made no specific allegations concerning an offer of proof, and the motion contains only "bare allegations and rules of law."Id., citing Nixon v. State, 291 Ala. 657, 286 So.2d 315 (1973). In the present case, the appellant's motion constitutes "little more than a fishing expedition." Id., citing Robinson v. State,560 So.2d 1130, 1132 (Ala.Cr.App. 1989). Therefore, the trial court properly denied the appellant's motion.
 IV
The appellant argues that he was denied his right to the effective assistance of counsel at trial. The appellant bases this argument on the trial court's refusal to allow him to dismiss his court-appointed attorney and proceed with retained counsel. The record indicates that, prior to trial, the appellant informed the court that he planned to represent himself, and, therefore, the trial judge appointed an attorney to assist him. Approximately six months later, on the day trial was to commence, the appellant sought to dismiss his court-appointed attorney and proceed with another attorney, who the appellant stated had agreed to represent him. However, that attorney was not present. The appellant complained to the trial court that his appointed attorney had forgotten "to get certain routine discovery." The trial court asked the attorney if he had talked with the appellant about the case and the attorney responded, "Well, I've talked with him as much as he'll talk to me about [the cases]." The attorney and the appellant indicated that the only other difficulty they had experienced concerned whether the cases against the appellant should be severed; the attorney advising that the appellant move for a severance and the appellant stating that he did not ask for a severance because of judicial economy.
 " '[T]he decision whether to remove an appointed counsel and appoint another counsel for defendant is within the sound discretion of the trial court.' Crawford v. State, 479 So.2d 1349, 1355
(Ala.Cr.App. 1985). See also, Tudhope v. State, 364 So.2d 708 (Ala.Cr.App. 1978). Moreover, the right to counsel of one's choice is not absolute, as is the right to assistance of counsel. United States v. Gray, 565 F.2d 881, 887 (5th Cir. 1978), cert. denied, 435 U.S. 955, 98 S.Ct. 1587, 55 L.Ed.2d 807 (1978). The right to choose counsel may not be subverted to obstruct the orderly procedure in the court or to interfere with the fair administration of justice. United States v. Sexton, 473 F.2d 512 (5th Cir. 1973)."
Briggs v. State, 549 So.2d 155, 160 (Ala.Cr.App. 1989) (wherein the trial court held the defendant's request to dismiss appointed counsel on the day of trial and to retain a counsel of his own choice to be untimely and unreasonable). Similarly, in the present case, we find that the trial court did not abuse its discretion in denying the appellant's request for change of counsel.
 V
The appellant argues that the trial court erred when sentencing him in considering his prior misdemeanors, for which he was not represented. The appellant cites Smith v. State,471 So.2d 501 (Ala.Cr.App. 1984) (holding that a defendant must be shown to have been represented by counsel or to have waived such representation during the prior convictions, in order for those convictions to be used for enhancement purposes) in support of his argument. However, in the present case, the trial court referred to the prior misdemeanor convictions in sentencing the appellant, by noting that the present offenses were clearly part of a course of conduct that the appellant had been following for some time. Subsequently, the appellant objected to the use of the prior misdemeanors towards enhancement of the sentence and the trial judge responded that he did not know why the appellant was talking about sentence enhancement. The prosecutor pointed out that the defendant could have been sentenced to up to one year in jail and *Page 426 
that the habitual offender law did not apply to a misdemeanor.
The trial court clearly was not using the prior misdemeanors for enhancement. Similarly, in U.S. v. Peagler, 847 F.2d 756
(11th Cir. 1988), it was held that, at sentencing, the court could consider uncounseled misdemeanor convictions as they related to the defendant's character and not to "enhance" the defendant's sentence. The trial court properly considered the uncounseled misdemeanor convictions for the purposes of sentencing in the present case.
AFFIRMED.
All the Judges concur.