Sexual abuse, first degree; eight years.
On September 13, 1980, the complainant, a thirteen-year-old boy, was riding his skateboard at the end of Stephens Street in Houston County. On that occasion the appellant, a fifty-four-year-old man, drove up and asked directions to a street, and the complainant informed him that he did not know the directions. At that point, the appellant pulled the boy into the car and drove a couple of blocks to a house on Timothy Road. When they got into the house they sat on the couch together and the appellant put his legs across the boy. The appellant removed the boy's shoes and asked if the complainant wanted him to play with his feet. The boy said no and then the appellant put his hand inside the boy's pants and felt his private parts.
The complainant stated that he tried to get away, but the appellant kept "holding my leg." When some of the boy's friends came riding up into the yard the appellant went to the window and the boy ran out the front door. He ran home and reported the incident to his mother and she called the police.
The complainant said that he did not know the appellant and had never seen him or been in the appellant's neighborhood before. He stated that he did not yell or scream for help because he was afraid, and when he was "scared" he could say "nothing." *Page 160 
 I
The appellant contends that the State did not present sufficient evidence to prove the offense of sexual abuse in the first degree. He maintains that the sexual contact of the victim was not accomplished throu "forcible compulsion."
Sexual abuse in the first degree as shown in § 13A-6-66, Code of Alabama 1975, provides:
 "(a) a person commits the crime of sexual abuse in the first degree if (1) he subjects another person to
sexual conduct by forcible compulsion."
Section 13A-6-60, Code of Alabama, supra, defines forcible compulsion as:
 "Physical force that overcomes earnest resistance or a threat, express or implied, that places a person in fear of immediate death or serious physical injury to himself or another person."
Although there was no testimony of violent physical compulsion, it is clear that the young complainant was in the hands of an adult male who completely overwhelmed him by strength. From the fact that appellant held the boy's leg when the boy tried to get away, the jury could reasonably infer that the thirteen-year-old was subjected to physical force that overcame earnest resistance.
We note also that even though there was evidence that the young boy had gone to the appellant's house voluntarily, there was evidence to the contrary which presented a question of facts for the jury. Based on the foregoing, we believe that the State presented sufficient evidence to prove the appellant was guilty of sexual abuse in the first degree.
 II
The appellant asserts that there was no evidence that the offense took place in Houston County, Alabama.
In Tanner v. State, 37 Ala. App. 256, 66 So.2d 827 (1952), reversed on other grounds, 259 Ala. 306, 66 So.2d 836 (1953), this court stated:
 "Proof of venue is sufficient in a criminal case if, from all the facts and circumstances adduced, venue can be reasonably inferred by the jury."
See also Allen v. State, Ala.Cr.App., 374 So.2d 447 (1979);Dolvin v. State, Ala.Cr.App., 391 So.2d 666, affirmed, Ala.,391 So.2d 677 (1980).
In the present case, the complainant testified that he saw the appellant in Houston County at the end of Stephens Street where he lived, and that he was taken by the appellant to a house a couple of blocks away on Timothy Road. Without question, a jury in Houston County could infer from these facts that the venue of the offense was in Houston County.
Therefore, we believe the trial court was correct in overruling the appellant's motion to exclude on the grounds that no proof of venue was presented.
 III
The appellant insists that the district attorney in closing argument made improper prejudicial remarks.
The specific remarks do not appear in the record, but there is the following reference made by defense counsel:
 "MR. PARKMAN. Your Honor, I object to that as being a traffic offense.
 "MR. SORRELLS: I didn't say it was a traffic offense, I said —
 "MR. PARKMAN: Or either that is just like a traffic offense and that is not the case here today.
 "THE COURT: There are some traffic offenses that are misdemeanors.
 "MR. PARKMAN: Your Honor, there are some, but not this particular crime we are talking about here today.
 "THE COURT: You don't need to holler at me to get your point over.
"MR. SORRELLS: I withdraw it, Your Honor."
In view of the fact that the remarks do not appear in the record, it is impossible for this court to judge their effect within any certainty. Baldwin v. State, Ala.Cr.App.,380 So.2d 388 (1980). *Page 161 
Further, after the district attorney's withdrawal of the comment, the statement could not be considered prejudicial error unless the statement was ineradicable in the first place.Crook v. State, 42 Ala. App. 270, 160 So.2d 884 (1961), on remand, 42 Ala. App. 274, 160 So.2d 888 (1963), cert. denied,276 Ala. 702, 160 So.2d 897 (1964). Based on what appears in the record no ineradicable error was shown.
 IV
The appellant complains that his warrantless arrest at his home was illegal. Further, he argues that his subsequent confession with a product of that arrest and was not admissible. In support of his contention, appellant has citedPayton v. New York, 445 U.S. 573, 100 S.Ct. 1371,63 L.Ed.2d 639 (1980).
In Payton, supra, the United States Supreme Court reviewed two convictions, one involving Theodore Payton and the other, Obie Riddick. Both cases dealt with whether officers could enter a subject's home to effect an arrest without a warrant when there was ample time to get a warrant. Both can be distinguished from the case at bar on the facts alone. Payton's arrest occurred two days after the offense, and Riddick's arrest came one year after authorities learned his identity and connected him with the crime.
The facts in the present case indicate that the offense occurred between 1:00 and 3:40 P.M. There was evidence that immediately after the thirteen-year-old boy ran from the appellant's house, he told his mother what had occurred and she called the police. Detective Lynn investigated the offense and, after talking to the boy, he arrested the appellant at his house at 3:44 P.M. Taking this evidence in its worst light, the arrest could not have occurred more than two hours after the incident. Under § 15-10-3, Code of Alabama 1975, the officer was empowered to make the arrest without a warrant. See Berryv. State, 27 Ala. App. 507, 175 So. 407 (1937).
Therefore, based on the foregoing facts and citations of authority, we find that the arrest was legal and the subsequent voluntary confession was admissible.
We have examined the record for error and have found none. Therefore, the judgment and conviction by the Houston Circuit Court is affirmed.
AFFIRMED.
All the Judges concur.