Appellant, Raymond B. Richards, was indicted by a Houston County Grand Jury for sexual abuse in the first degree, §13A-6-66, Code of Alabama 1975. On February 27, 1984, a jury found appellant guilty of the crime charged in the indictment. Appellant was sentenced to five years in the state penitentiary. Appellant's motion for a new trial was denied on July 9, 1984. This appeal followed.
Appellant raises only one issue on this appeal, contending that the trial court erroneously overruled his motion for a new trial because there was insufficient evidence to support a finding of "forcible compulsion." Forcible compulsion is a component element of sexual abuse in the first degree and is statutorily defined at § 13A-6-60 (8).
The testimony adduced at trial reveals that the female victim was twelve years old at the time of the incident. The victim testified that appellant was her stepfather of about three years. According to the victim, in September of 1983, she was awakened by appellant, who got into bed with her. He placed his body on top of hers, pressed her breasts with his hands, and kissed her. He then made her get out of bed and "pushed me on by butt, my backside." The tendency of the evidence is to show that he picked her up and that when she told him to "let me down, put me down," he did so. He then, however, got back into bed with her and placed his finger "up inside" the victim. When she protested further, appellant told her to "be quiet." Appellant then told the victim not to tell her mother since "she would wring our necks." He also told her to keep this activity "top secret." *Page 895 
The victim's mother was in the next room bathing another child, according to the victim. When asked why she did not "holler" for her mother, the victim stated, "I didn't know what else to do, so I just kept quiet about it." The next day the victim told Mr. Baker, a school guidance counselor, who arranged for the victim to meet with Mr. William Block, a representative of the Department of Pensions and Security of Houston County. Mr. Block took the victim to Dr. Stanley Forston, Jr. Dr. Forston testified that his findings indicated that at some point the victim "had sustained or received a vaginal penetration," on probably a "number of instances." On cross-examination, Dr. Forston stated he did not know when penetration occurred.
On behalf of appellant, the victim's mother, Mrs. Richards, testified that the victim was a "discipline problem" and her behavior had "changed" in the past two or three years. Mrs. Richards stated that she could not say "yes it happened or no it didn't happen."
Appellant testified similarly to the victim's being a discipline problem over the last few years. Appellant denied having sexual contact of any type with the victim.
Sexual abuse in the first degree, § 13A-6-66, is defined in pertinent part as follows:
 "(a) A person commits the crime of sexual abuse in the first degree if:
 (1) He subjects another person to sexual contact by forcible compulsion; or . . ."
The elements of "forcible compulsion" have been set out by the Alabama Legislature, § 13A-6-60 (8) as:
 "Physical force that overcomes earnest resistance or a threat, expressed or implied, that places a person in fear of immediate death or serious physical injury to himself or another person."
Finding insufficient evidence of an expressed or implied threat, this case must stand or fall upon a determination of whether the "physical force" exerted by appellant over the victim was sufficient to overcome her "earnest resistance."
The term "earnest resistance" has not been defined by the legislature or by case law in this jurisdiction. In Avant v.State, 405 So.2d 159, 160 (Ala.Crim.App. 1981), the element of forcible compulsion was found to exist where the defendant "completely overwhelmed [the victim] by strength" and "the fact that appellant held the boy's legs when the boy tried to get away." In Avant the victim and defendant were strangers and the victim was "pulled" into the defendant's car and transported to the defendant's home. Id. Avant provides a stronger showing of "physical force that overcomes earnest resistance" than the case sub judice, but failed to define the "earnest resistance" aspect of forcible compulsion.
In State v. Jones, 62 Haw. 572, 617 P.2d 1214, 1217 (1980), the Supreme Court of Hawaii thoroughly addressed the "earnest resistance" element of forcible compulsion. In Jones the defendant was convicted of first degree rape and first degree sodomy, which required a showing of forcible compulsion. ("Forcible compulsion" is defined by statute in Hawaii substantially similar to the Alabama statutory definition.) See H.R.S. § 707-700 (12) (1976). In Jones, 617 P.2d at 1217, the court stated:
 "`Earnest resistance,' however, is a relative term and whether or not the statutory requirement was satisfied must be measured by the circumstances surrounding the alleged assault. Among the factors to be considered are the relative strength of the parties, the age of the female, her physical and mental condition, and the nature and degree of the force used by the assailant. State v. Dizon, 47 Haw. 444, 390 P.2d 759 (1964). Resistance may appear to be useless, and may eventually prove to be unavailing, but there must have been a genuine physical effort on the part of the complainant to discourage and to prevent her assailant from accomplishing his intended purpose."
We find Jones to be persuasive authority for defining earnest resistance and consistent with this court's application of the forcible compulsion element in other somewhat *Page 896 
related cases. See Pittman v. State, 460 So.2d 232
(Ala.Crim.App. 1984) (force required in first degree rape is "necessarily relative" in finding forcible compulsion. Id. at 235); Robinson v. State, 444 So.2d 902 (Ala.Crim.App. 1984);Daniels v. State, 437 So.2d 614 (Ala.Crim.App. 1983); Davenportv. State, 426 So.2d 473 (Ala.Crim.App. 1982). For cases reaching similar results in other jurisdictions which apply a forcible compulsion standard see Salsman v. Commonwealth,565 S.W.2d 638 (Ky.Ct.App. 1978) (earnest resistance "requires more than token initial resistance but less than showing that the victim was physically incapable of additional struggle against his assailant," id. at 641); State v. White, 651 S.W.2d 509
(Mo.App. 1983) (circumstances must be taken into account, id.
at 511); Peeple v. Bianchi, 55 A.D.2d 993, 391 N.Y.S.2d 29
(1977); Commonwealth v. Biggs, 320 Pa. Super. 265, 467 A.2d 31
(1983).
On the facts of this case, as previously stated, we find that the element of forcible compulsion was sufficiently proven, in that there was evidence that appellant exercised physical force which overcame the victim's earnest resistance. The victim testified that appellant physically manipulated her body at various areas, pushed her on the bed; got on top of her, kissed her, and pressed her breasts; picked her up and put her down when requested, but then got back on the bed and put his finger "inside her." According to the victim, this type of activity happened "a lot," and thus this incident was not the first occasion of abuse. Appellant maintains that these facts do not constitute "physical force that overcomes earnest resistance." We have no doubt that appellant's actions constituted physical force, and under the circumstances of this case we conclude that the jury could have found that appellant's actions overcame the victim's earnest resistance. We note, in addition to the physical force, that the victim was twelve years old; that the abuser was her stepfather, who overwhelmed her in both size and strength; that he was an authority figure who had "disciplined" her in the past; that he told the victim to "be quiet" during the course of the abuse and further told her not to tell anyone afterwards; that the victim contacted another authority figure at her school the day following the incident. These circumstances affirmatively demonstrate that the force used by appellant effectively overcame the victim's attempts to resist. The recorded testimony of the victim indicates that she asked to be "put down" and requested that he not continue his actions. These pleas went unheeded and appellant persisted in his actions. We consider that the victim's actions, under the circumstances, constitute "a genuine physical effort . . . to discourage and prevent her assailant from accomplishing his intended purpose." Jones, 617 P.2d at 1217.
For the foregoing reasons, this case is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.