544 So.2d 994 (1989)
Robin RIDER
v.
STATE.
4 Div. 17.
Court of Criminal Appeals of Alabama.
January 27, 1989.
Rehearing Denied March 17, 1989.
J.R. Herring of Herring, Bennett & Young, Dothan, for appellant.
Don Siegelman, Atty. Gen., and Beth Jackson Hughes, Asst. Atty. Gen., for appellee.
BOWEN, Judge.
Robin Rider was convicted of sexual abuse in the first degree and sodomy in the first degree. He was given consecutive sentences of four years' and twenty years' imprisonment.
The defendant argues that his convictions are not supported by the evidence because there was no evidence of "forcible compulsion" as alleged in each indictment. We must agree.
Forcible compulsion is an element of the offenses of both sexual abuse in the first degree, Alabama Code 1975, § 13A-6-66(a)(1), and sodomy in the first degree, § 13A-6-63(a)(1). Forcible compulsion is "[p]hysical force that overcomes earnest resistance or a threat, express or implied, that places a person in fear of immediate death or serious physical injury to himself or another person." § 13A-6-60(8).
The defendant is the 27-year-old stepfather of the victim. The victim testified that, when she and the defendant were sitting on the sofa alone, the defendant would put a movie on the VCR showing "people have sex." She testified that as they watched the movie, the defendant "would force [her] hand on one of his private spots ... [b]etween his legs." (Emphasis added.) After the movie, the defendant "took [her by the hand] back to the bedroom and touched [her] private part[s]... [b]etween [her] legs and on [her] chest." When this touching occurred, both the defendant and the victim were undressed. The victim testified that the defendant touched her private part with his mouth and that the defendant "asked" or "made" her touch his private part with her mouth.[1]
*995 This touching began after the victim's ninth birthday and continued until around her twelfth birthday. The defendant told her not to tell anyone "because he would probably go to jail." The victim testified that, after each incident, he usually told her he was sorry and promised that it would not happen again.
When the prosecutor asked the victim if she "voluntarily" performed oral acts on the defendant, the victim did not answer. The victim testified that she tried to "mind" her stepfather because she "liked the way he treated [her], like [she] was his only child," and she considered him her father. The victim testified that she did not have a father when she was born and when she was "a little baby." The victim's mother married the defendant when the victim was seven. On direct examination, the victim explained her passive conduct:
"Q. Okay. The things that Robin did to you, why did you let him do those things to you? Why didn't you scream and yell and scratch him and claw him and all of that? Why did you, you know, just why did you let him do those things to you?
"A. Because I thought if I would stop, that he wouldn't treat me the way he did."
On cross-examination, the victim testified that she knew "it was wrong." She was "afraid" to tell her mother and did not know how her mother would "react." She did not tell her grandmother because she "thought it would break her heart." She did not tell anyone because she did not want the defendant to go to jail. She stated that the defendant had never done anything to make her afraid of him and that she was not afraid of him.
The trial judge denied the defendant's motion for a directed verdict of acquittal made at the close of the State's case on authority of Richards v. State, 475 So.2d 893 (Ala.Cr.App.1985). There, this Court found "that the element of forcible compulsion was sufficiently proven, in that there was evidence that appellant exercised physical force which overcame the victim's earnest resistance." 475 So.2d at 896. In relying on Richards, the trial judge, as well as the district attorney and the Attorney General, have overlooked the single most important factor in that case. In Richards, there was evidence that the 12-year-old victim tried to resist the sexual assaults of her stepfather. In Richards, this Court stated:
"The recorded testimony of the victim indicates that she asked to be `put down' and requested that he not continue his actions. These pleas went unheeded and appellant persisted in his actions. We consider that the victim's actions, under the circumstances, constitute `a genuine physical effort ... to discourage and prevent her assailant from accomplishing his intended purpose.'" Richards, 475 So.2d at 896 (emphasis added).
Here, there was never any evidence that the victim made any protest or complaint to the defendant.
In Parrish v. State, 494 So.2d 705 (Ala. Cr.App.1985), the 12-year-old victim was assaulted by her mother's boyfriend. The victim's mother had previously ignored the victim's complaint that the boyfriend had sexually molested her. The boyfriend got into bed with the victim who was ill and pretended to be sleeping. The boyfriend held the child down with his foot over her leg while he sexually molested her. In Parrish, this Court noted the "significant distinction" that "the victim was assaulted by her mother's boyfriend and, on an earlier occasion, she had also been molested by the appellant while her mother was in the same room." 494 So.2d at 710. There, this Court found the presence of physical force "from the fact that the victim was held down by the appellant, who placed his foot over her leg" and from the fact of the physical injury suffered by the victim evidenced by blood in her panties after the assault. 494 So.2d at 711. In Parrish, this Court characterized the appellant as "an intoxicated, obviously belligerent, adult male" and concluded that the victim pretended to be asleep "in order to protect herself from the defendant." 494 So.2d *996 711 (emphasis in original). There is no evidence to support such a characterization of the defendant in this case.
Here, the totality of the circumstances simply does not support a finding of the existence of the element of forcible compulsion which overcame the victim's earnest resistance. The victim, who was between 9 and 12 years old when the repeated acts of sexual abuse occurred, testified that the defendant "forced" her hand on his "private part." The defendant was the victim's stepfather, who treated her like his "only child." The victim was afraid that if she protested the defendant would not treat her like his daughter anymore. She did not tell anyone about the abuse because she was afraid the defendant would go to jail.
There are two kinds of forcible compulsion. First, forcible compulsion may be that physical force which overcomes earnest resistance. Second, forcible compulsion may be a threat, either express or implied, that places a person in fear of immediate death or serious physical injury to himself or another person. Here, it is clear that there is absolutely no evidence to support this second type. The problem is whether there is any evidence to support the first type.
There is evidence that some physical force was involved because the victim testified that the defendant "forced" her hand on his "private spot." With regard to this first type of forcible compulsion, there must also be some evidence of earnest resistance, which, as we noted in Richards, 475 So.2d at 896, requires some "genuine physical effort ... [by the victim] to discourage and prevent her assailant from accomplishing his intended purpose." We fail to find any earnest resistance. Parrish stretched the concepts of forcible compulsion and earnest resistance to their outermost limits.
The offense of sodomy in the first degree, as defined in § 13A-6-63(a)(3) ("He, being 16 years old or older, engages in deviate sexual intercourse with a person who is less than 12 years old."), was enacted to cover the present situation, as was the crime of sexual abuse in the first degree, as defined in § 13A-6-66(a)(3) ("He, being 16 years old or older, subjects another person to sexual contact who is less than 12 years old.").
In this case, the defendant was simply indicted for the wrong offenses and the prosecution could not prove the elements of the offenses as charged in the indictment. A conviction not supported by proof of the offenses as charged in the indictment cannot stand. This Court cannot embrace a nebulous and ever-expanding construction of a crime in order to supply the proof of facts which the prosecution has failed to provide.
The judgment of the circuit court is reversed and a judgment is rendered for the defendant.
REVERSED AND JUDGMENT RENDERED.
All Judges concur.
McMILLAN, Judge (concurring specially in denial of rehearing).
While I agree with the conclusions of the majority under the facts, I believe that the facts in Parrish v. State, 494 So.2d 705 (Ala.Cr.App.1985), are distinguishable. The victim's act of feigning sleep and then feigning awakening in Parrish could have been determined by the jury to constitute a sufficient act of resistance to the appellant's "pinning" her with his leg in order to sexually abuse her. The acts by the victim did not show consent, but rather fear, and the "awakening" could have been construed as an attempt to make the appellant stop the abuse. Indeed, the appellant did stop at that point. In the present case, there is no evidence that the victim took any action toward ceasing the abuse. For that reason, I concur.
NOTES
[1] On direct examination of the victim by the prosecutor, the following appears:

"Q. Okay. Has Robin ever asked you or made you touch his private part with your mouth?
"A. Yes."