Appellant was convicted, after a jury trial, of rape in the first degree in violation of § 13A-6-61(a)(1), Code of Alabama 1975, and was sentenced to 12 years' imprisonment. He raises three issues on appeal; however, we need only address the issue of the sufficiency of the evidence to support the conviction.
Appellant is the natural father of the victim, N.S. The victim was 11 years old in May 1988, the time of the alleged rape. She testified that the incident occurred when she and appellant were alone and were "arm wrestling" in her mother's bedroom. Appellant was on the bed and N.S. was on the floor. He told her that it was time to take a nap and to get in bed. N.S. climbed onto the bed and lay next to appellant. Appellant did not threaten her. He told the victim that he was cold and that he wanted her to get on top. He lifted her up to help her get on top of him. She lay there for "two minutes" before he unbuttoned and unzipped her pants. N.S. did not protest, and appellant did not threaten her. Appellant slid his hand inside her panties for about "five seconds" and touched her pubic hair. He pulled down both his and her pants. She testified that while she was on top of him, appellant placed "his penis inside" her for about "four seconds." On cross-examination and redirect, however, she denied any penetration. Later in the trial, she was recalled and testified in answer to the prosecutor's question: "Did he *Page 721 
put his penis inside you,. . . ." She replied, "Not all the way." The victim did not remember where his hands or her hands were at this time. Appellant made no threats and there was no conversation. After the alleged incident, N.S. left the house and went to visit a friend.
Several months later, after N.S. told a friend what had happened, she was taken to Children's Hospital for an examination. The examination showed no physical injury and neither proved, nor disproved the alleged rape. The examining physician found her hymen intact. Appellant testified in his own behalf and denied that the incident occurred.
Appellant contends that the State failed to prove forcible compulsion as alleged in the indictment. Forcible compulsion is defined as "[p]hysical force that overcomes earnest resistance or a threat, express or implied, that places a person in fear of immediate death or serious physical injury to himself or another person." § 13A-6-60(8), Code of Alabama 1975.
Beginning with the second type of forcible compulsion defined above, the record in this case is devoid of any evidence that could be construed as an implied threat of death or serious physical injury to the victim or another person. Moreover, when asked by the prosecution whether appellant threatened her or her mother in any way, N.S. replied that he had not. The only evidence of any fear on the part of the victim was her affirmative response to the prosecution's leading question, "At this time [the time of the rape], . . . were you scared of your dad?"
Finding no evidence of a threat, the question to be resolved is whether appellant used physical force which overcame the victim's earnest resistance. Earnest resistance "requires some 'genuine physical effort . . . [by the victim] to prevent her assailant from accomplishing his intended purpose.' " Rider v.State, 544 So.2d 994, 996 (Ala.Cr.App.), cert. denied,544 So.2d 997 (Ala. 1989) (quoting Richards v. State,475 So.2d 893, 896 (Ala.Cr.App. 1985)). We conclude from our review of the record that there is no evidence that the victim, tried in any manner to physically prevent appellant "from accomplishing his intended purpose." Although oral protests alone are not determinative of earnest resistance, it should be noted that the victim here made no oral protests to appellant. SeeRichards v. State, 475 So.2d 893 (Ala.Cr.App. 1985). The record simply does not support a finding of earnest resistance.
Even if there were evidence of earnest resistance, the record does not show the use of physical force by appellant nor is there any evidence of a physical injury to the victim from which physical force could be inferred. Cf. Parrish v. State,494 So.2d 705 (Ala.Cr.App. 1985) (appellant held victim's leg down with his foot, and blood in panties was a physical injury which presented a jury question of forcible compulsion).
Thus, we conclude that the State failed to prove the required element of forcible compulsion in the instant case. For this reason, we must reverse appellant's conviction, and we have no choice but to also render the decision. See Burks v. UnitedStates, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); seealso Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084,109 L.Ed.2d 548 (1990).
REVERSED AND RENDERED.
All Judges concur.