JAMES H. FAULKNER, Retired Justice.
In a four-count indictment, Emery O’Neal Lee was charged with the offenses of 1) rape in the first degree in violation of § 13A-6-61(a)(l), Code of Alabama 1975; 2) rape in the first degree in violation of § 13A-6-61(a)(3), Code of Alabama 1975; 3) rape in the second degree in violation of § 13A-6-62(a)(l), Code of Alabama 1975; and 4) sexual abuse in the first degree in violation of § 13A-6-66, Code of Alabama 1975. The fourth count was dismissed pri- or to trial on motion of the State. The jury found Lee guilty of the three remaining counts as charged in the indictment, and he was sentenced to concurrent 20-year terms of imprisonment on Counts I and II of the indictment and to a consecutive 10-year term of imprisonment on Count III of the indictment, which latter term was reduced to a 5-year period of probation. Three issues are raised on appeal.
*266 I
Lee contends that his motions to dismiss Count I of the indictment and to exclude the evidence relating to that count should have been granted because the State did not present sufficient evidence of forcible compulsion. We disagree.
“In determining the sufficiency of the evidence to sustain the conviction, this court must accept as true the evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider the evidence in the light most favorable to the prosecution.” Faircloth v. State, 471 So.2d 485, 489 (Ala.Cr.App.1984), aff'd, 471 So.2d 493 (Ala.1985). Where, moreover, the State establishes a prima facie case, conflicting evidence presents a jury question, and the jury’s determination is not subject to review on appeal. See Willis v. State, 447 So.2d 199, 201 (Ala.Cr.App.1983).
After examining the evidence and applying the proper standards of review, we find there was sufficient evidence presented by the State to allow the jury to conclude beyond a reasonable doubt that Lee was guilty of rape in the first degree in violation of § 13A-6-61(a)(l), Code of Alabama 1975.
Under § 13A-6-61(a)(l), a male commits the crime of rape in the first degree if “[h]e engages in sexual intercourse with a female by forcible compulsion.”
Section 13A-6-60(8), Code of Alabama 1975, defines “forcible compulsion” as:
“Physical force that overcomes earnest resistance or a threat, express or implied, that places a person in fear of immediate death or serious physical injury to himself or another person.”
The force required to consummate the crime of rape in the first degree is relative, and a different standard must be applied when, as in the instant case, the victim is a child and not a mature woman. Pittman v. State, 460 So.2d 232, 235 (Ala.Cr.App.1984), cert. quashed, 466 So.2d 951 (Ala.1985). When the issue of sufficiency of the evidence is raised in a case in which the victim is a child, questions involving resistance and force must be viewed in the framework of the child’s age and point of view. Parrish v. State, 494 So.2d 705, 709 n. 2, 710 (Ala.Cr.App.1985).
In Flanagan v. State, 533 So.2d 637 (Ala.Cr.App.1987), this court found sufficient evidence of forcible compulsion where the victim was the 16-year-old daughter of the defendant, the offense occurred in their home while a sibling was also there, and the defendant threatened to whip the victim.
“To constitute rape, the degree of force used need not be such as to place the victim under such reasonable apprehension of death or bodily harm as to overpower her will, it being sufficient that she was under such duress that the act was accomplished against her consent.”
Weatherford v. State, 369 So.2d 863, 872 (Ala.Cr.App.1979), cert. denied, 369 So.2d 873 (Ala.1979), cert. denied, 444 U.S. 867, 100 S.Ct. 141, 62 L.Ed.2d 91 (1979).
“The force necessary to be used, to constitute the crime of rape, need not be actual, but may be constructive or implied. An acquiescence to the act obtained through duress, or fear of personal violence, is constructive force, and the consummation of unlawful intercourse by the man thus obtained would be rape.”
Shepherd v. State, 135 Ala. 9, 12, 33 So. 266, 267 (1903).
In the case sub judice, the victim testified that her father had sexual intercourse with her for the first time in the family’s trailer when she was nine years old. She stated that he made her take her pants off, then got on top of her and penetrated her. She said that the penetration hurt her and that she cried. She also testified that her father threatened afterwards to whip her if she told her mother.
The victim further testified that the second time her father had sexual intercourse with her also occurred in the family’s trailer. The victim stated that although her siblings were in another room, her father made her undress, made her have sex with him, and again threatened to whip her if she told her mother. The victim testified *267 that during the times her father had sex with her, she asked her father not to have sex with her but that he made her continue to have sex with him anyway. She also testified that she never had sexual intercourse with her father of her own free will and accord. She further testified that she asked her father to stop having sex with her by threatening to tell her mother but that he would not stop and that he told her he would whip her.
The evidence in this case was clearly sufficient to present a jury question concerning the element of forcible compulsion, particularly in view of the relative sizes of the parties, their ages, and their relationship. The trial court therefore properly denied Lee’s motions to dismiss and to exclude the evidence on Count I of the indictment.
II
Lee contends that his motion to exclude the evidence as to Counts II and III of the indictment should have been granted because there was insufficient evidence to sustain the charges on those counts. Those counts charged, respectively, rape in the first degree under § 13A-6-61(a)(3), Code of Alabama 1975, and rape in the second degree under § 13A-6-62(a)(l), Code of Alabama 1975.
Under § 13A-6-61(a)(3), a male commits the crime of rape in the first degree if “[h]e, being 16 years or older, engages in sexual intercourse with a female who is less than 12 years old.” The victim’s testimony concerning the first incident of sexual intercourse with her father established a prima facie case of rape in the first degree under § 13A-6-61(a)(3). She testified that she was nine years old at the time and that her father put his penis into her vagina. The evidence further revealed that this first occasion of sexual intercourse occurred during the summer of 1982 and that the victim’s father was 29 years old at that time.
Under § 13A-6-62(a)(l), a male commits the crime of rape in the second degree if he, being 16 years old or older, engages in sexual intercourse with a female who is over 12 years old but less than 16 years old and the male is at least 2 years older than the female. The victim testified that her father had sex with her between January and May 1987, when she was 14 years old. The evidence further revealed that the victim’s father was 34 years old when this act occurred.
The trial court properly denied Lee’s motion to exclude the State’s evidence as to Counts II and III of the indictment since the State clearly established 'prima facie cases of the offenses charged.
Ill
Lee’s final contention of ineffective assistance of counsel is not properly before this court for decision. Claims of ineffective assistance of counsel may not be considered for the first time on direct appeal where, as in the instant case, the claim was not raised in a motion for new trial. Boyd v. State, 361 So.2d 1179 (Ala.Cr.App.1978).
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.