As the Court of Criminal Appeals has noted in its opinion, the evidence in this case simply does not support a finding of "forcible compulsion" as that term is defined in § 13A-6-60(8), Ala. Code 1975:
 "Physical force that overcomes earnest resistance or a threat, express or implied, that places a person in fear of immediate death or serious physical injury to himself or another person."
I see no evidence of physical force that overcame "earnest resistance" or of any threat that placed the daughter "in fear of immediate death or serious physical injury." Thus, I agree with the Court of Criminal Appeals that Powe is not guilty of first degree rape by forcible compulsion, the crime defined by § 13A-6-61(a)(1) and the crime for which he was indicted and convicted.
However, the evidence clearly would support a finding that Powe is guilty of first *Page 730 
degree rape by "sexual intercourse with a female who is less than 12 years old," the crime defined by § 13A-6-61(a)(3). Thus, this is purely a case of a defective indictment. SeeRider v. State, 544 So.2d 994 (Ala.Crim.App.), cert. denied,544 So.2d 997 (Ala. 1989), in which the Court of Criminal Appeals similarly found that the evidence did not support a finding of "forcible compulsion" but that it would have supported a conviction if the indictment had been based on the victim's being less than 12 years old.
Now, to correct the prosecutor's mistake, this Court has changed the meaning of "forcible compulsion." The Court's strained interpretation of "forcible compulsion" to make up for the error committed by the prosecutor is a further error with much further-reaching consequences. The necessity of following the clear language of statutes defining criminal offenses should persuade the Court to make the hard decision of sustaining the reversal by the Court of Criminal Appeals. The Court of Criminal Appeals has already made the difficult, but correct, decision to reverse the conviction of a man who, as a jury could find under a proper indictment and the evidence presented at trial, has committed a sexual offense against his minor daughter. Powe is not guilty of the crime for which he has been indicted and convicted; the Court's understandable feeling that he should be punished should not cloud its judgment and lead to a distortion of the law.
Maddox, J., concurs.