WISE, Judge.
The appellant, Walter D. McGlocklin, was convicted of one count of first-degree sexual abuse, a violation of § 13A-6-66(a)(1), Ala.Code 1975. He was sentenced to five years’ imprisonment; however, the trial court suspended that sentence and placed him on probation for two years. This appeal followed.
The evidence established that 18-year-old K.L.K. was hired by Nancy Johnson, the owner of an antique mall in Athens. K.L.K. began work on January 8, 2003. That morning K.L.K. arrived at work shortly before the store opened at 10:00 a.m., and Johnson briefed her on her duties. Sometime between 10:00 and 11:00 a.m., Walter McGlocklin arrived at the store with his grandson. Johnson introduced McGlocklin to K.L.K., and identified him as her father. McGlocklin remained at the store for the entire day, alternating his time between tending to his grandson and talking with customers. Johnson left the store three times during the day: once before lunch, at midday to pick up lunch, and later that afternoon to pick up her daughter from school.
Throughout the day, McGlocklin and K.L.K. exchanged casual remarks. McGlocklin also paid for K.L.K.’s lunch— he said it was to commemorate her first day at work. As customers flowed in and out of the business during the day, K.L.K. continued her duties. That afternoon, Johnson left to pick up her daughter from school. At some point, all of the customers had left the store, leaving McGlocklin, his grandson, and K.L.K. alone in the store. McGlocklin and K.L.K. were in the main sales area, while the grandson was watching television in the rear of the store.
K.L.K. testified that she went to the restroom and, as she returned to the sales area, she saw McGlocklin in the front of the store. As she walked toward the sales area, McGlocklin asked her if she had ever had a “crick” in her neck. When K.L.K. responded that she had, McGlocklin asked *156 her if she knew how to get it out. K.L.K. responded that she was not sure, and McGlocklin told her that he would show her a way to get a crick out of her neck.
McGlocklin instructed K.L.K. to sit on a nearby stool. McGlocklin began rubbing her neck. He asked her if what he was doing felt good to her; K.L.K. responded, “I guess.” K.L.K. stated that although McGlocklin’s rubbing her neck “felt weird,” he never threatened her in any way. After rubbing KL.K’s neck, McGlocklin put his hands under K.L.K.’s sweater, reached in her bra, .and touched her breasts, and asked her if she liked his doing that. K.L.K. said that, she quickly pushed McGlocklin’s hands away and. told him “no.” McGlocklin stood for a moment, then walked away. Thereafter, he resumed a conversation with K.L.K., as though nothing had ever happened. ■
When Johnson returned from picking her daughter up from school, K.L.K. told her that she had a “woman problem” and needed to go home. K.L.K. went home, awakened her mother, and told her what had happened. K.L.K. and her mother went to the Limestone County Sheriffs Department later that night and filed formal charges against McGlocklin.
McGlocklin, who was 60 years old at the time of his trial, denied touching K.L.K. inappropriately. He also presented several witnesses who testified that they' were present in the store while Johnson was picking up her daughter. Those witnesses testified that as they left the store, , they saw Johnson returning to the store.
The dispositive issue' presented for review is whether the State failed to present sufficient evidence to sustain McGlock-lin’s ‘ conviction for first-degree sexual abuse. McGlocklin contends that the State failed to do so, specifically arguing that the State failed to prove “forcible compulsion.”
“ ‘In determining the sufficiency of the evidence to sustáin a conviction, a reviewing court must accept as true all evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider all evidence in a light most favorable to the prosecution.’ ” Ballenger v. State, 720 So.2d 1033, 1034 (Ala.Crim.App.1998) (quoting Faircloth v. State, 471 So.2d 485, 488 (Ala.Crim.App.1984), aff'd, 471 So.2d 493 (Ala.1985)). “ ‘The test used in determining the sufficiency of evidence to sustain a conviction is whether, viewing the evidence in the light most favorable to the prosecution, a rational finder of fact could have found the defendant guilty beyond a reasonable doubt.’ ” Nunn v. State, 697 So.2d 497, 498 (Ala.Crim.App.1997) (quoting O’Neal v. State, 602 So.2d 462, 464 (Ala.Crim.App.1992)). “ ‘When there is legal evidence from which the jury could, by fair inference, find the defendant guilty, the trial court should submit [the case] to the jury, and, in such a case, this court will not disturb the trial court’s decision.’ ” Farrior v. State, 728 So.2d 691, 696 (AJa.Crim.App.1998) (quoting Ward v. State, 557 So.2d 848, 850 (Ala.Crim.App.1990)). “The role of appellate courts is not to say what the facts are. Our role ... is to judge whether the evidence is legally sufficient to allow submission of an issue for decision [by] the jury.” Ex parte Bankston, 358 So.2d 1040, 1042 (Ala.1978).
Section 13A-6-66(a)(l), Ala.Code 1975, provides as follows:
“(a) A person commits the crime of sexual abuse in the first degree if:
“(1) He subjects another person to sexual contact by forcible compulsion.”
Section 13A-6-60(3), Ala.Code 1975, defines “sexual contact” as follows:
*157 “Any touching of the sexual or other intimate parts’ of a person not married to the actor, done for the purpose of gratifying the sexual desire of either party.”
Further, § 13A-6-60(8), Ala.Code 1975, defines “forcible compulsion” as follows:
“Physical force that overcomes earnest resistance or a threat, express or implied, that places a person in fear of immediate death or serious physical injury to himself or another person.”
Because it was undisputed that McGlocklin did not threaten K.L.K., the State was required to prove that K.L.K. was subjected to sexual contact by force and against her will and that she presented earnest resistance. “Issues involving ‘ “consent, force and intent to gratify the sexual desire of either [party]” ’ are generally questions for the trier of fact;” C.M. v. State, 889 So.2d 57, 63-64 (Ala.Crim.App.2004) (quoting Parrish v. State, 494 So.2d 705, 709 (Ala.Crim.App.1985), quoting in turn Hutcherson v. State, 441 So.2d 1048, 1052 (Ala.Crim.App.1983)). See also Kirby v. State, 581 So.2d 1136, 1143 (Ala.Crim.App.1990) (whether forcible compulsion existed based on the facts is a jury question). However, as this Court recognized in Lee v. State, 586 So.2d 264, 266 (Ala.Crim.App.1991), “[t]he force required to consummate the crime ... is relative”; different standards apply based on whether the victim is a child or an adult. “.‘Earnest resistance’ is likewise a relative term, and when determining whether there was earnest resistance, the relative strength of the victim and the defendant, the victim’s age, the victim’s physical and mental condition, and the degree of--force employed must be considered.” C.M. v. State, 889 So.2d at 64 (citing Richards v. State, 475 So.2d 893, 895 (Ala.Crim.App.1985)).
After carefully reviewing the evidence before us, we are forced to conclude that the State failed to present sufficient evidence of forcible compulsion. .Here, K.L.K. was an 18-year-old young woman, not a child. Thus, we apply a different standard in determining whether the State presented sufficient evidence of forcible compulsion to sustain McGlocklin’s conviction.[1] When the evidence is viewed in the light most favorable to the prosecution, K.L.K. was subjected to unwanted physical contact by a 60-year-old man at her place of employment. There was no evidence offered regarding the relative size and strength of K.L.K. and McGlocklin. However, K.L.K. testified that McGlocklin never threatened her and that she never resisted his actions until he touched her breasts. She testified that when McGlock-lin slid his hands inside her clothing, placed his hands on her breasts, and asked her if she “liked that,” she replied, “no,” then pulled forward and pushed his hands away; Following this show of resistance, McGlocklin did not touch K.L.K. again. McGlocklin’s actions, while reprehensible, did not subject K.L.K. to sexual contact by forcible compulsion, because he stopped touching K.L.K. when she resisted his actions. Thus, we have no choice but to conclude that the State failed to prove that McGlocklin subjected K.L.K. to sexual contact by forcible compulsion.
*158 Based on the foregoing, McGlocklin’s conviction for sexual abuse in the first degree is reversed and a judgment is rendered in favor of McGlocklin.
REVERSED AND JUDGMENT RENDERED.
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.

. We note that none of the cases relied upon by the State involve an adult victim of sexual abuse by forcible compulsion. Rather, the cases relied upon by the State all involved victims who were children and who were abused by individuals related to or otherwise connected to the victim’s -family. See Powe v. State, 597 So.2d 721 (Ala.1991) (11-year-old victim raped by father); Rider v. State, 544 So.2d 994 (Ala.Crim.App.1989) (child victim abused by her 27-year-old stepfather); Parrish v. State, 494 So.2d 705 (Ala.Crim.App.1985) (12-year-old victim raped by mother's boyfriend).