WELCH, Presiding Judge,
concurring specially.
I concur with the majority in this case that there was insufficient evidence to convict C.D.B. of first-degree rape; however, for the reasons that follow, I encourage the Alabama Legislature to amend § 13A-6-60, Ala.Code 1975, to eliminate “forcible compulsion” as an element of the sexual offenses in Article Four of the Criminal Code for child victims, the age of which should be determined by the legislature.
In this case, the majority correctly concludes that there was insufficient evidence tending to prove that C.D.B., who was then 14 years old, used physical force to overcome any earnest resistance by D.E.D., who was then nine years old. In addition, D.E.D. testified that C.D.B. did not threaten her or make her afraid for her safety when C.D.B. asked her to take her clothes off and get on top of him.
“Forcible compulsion” is defined as “[pjhysical force that overcomes earnest resistance or a threat, express or implied, that places a person in fear of immediate death or serious physical injury to himself or another person.” § 13A-6-60(8), Ala. Code 1975. Further, “forcible compulsion does not exist in a vacuum; rather it is viewed in light of the surrounding circumstances, such as the respective ages of the victim and the perpetrator, the relationship between them, the circumstances under which the act took place, and any injuries the victim suffered.” Ex parte Williford, 931 So.2d 10, 14 (Ala.2005).
Alabama’s first-degree-rape statute, Section 13A-6-61(a), Ala.Code 1975, states:
“(a) A person commits the crime of rape in the first-degree if:
“(1) He or she engages in sexual intercourse with a member of the opposite sex by forcible compulsion; or
“(2) He or she engages in sexual intercourse with a member of the opposite sex who is incapable of consent by reason of being physically helpless or mentally incapacitated; or
“(3) He or she, being 16 years or older, engages in sexual intercourse with a member of the opposite sex who is less than 12 years old.”
Here, the State was required to prove under § 13A-6-61(a)(l), Ala.Code 1975, that D.E.D., a nine-year-old, either earnestly resisted C.D.B.’s physical force or perceived that C.D.B. was threatening her life or threatening her with serious physical injury if she did not comply with his sexual advances. Because C.D.B. was 14 years old at the time of the offense, the State could not charge him under § 13A-6 — 61(a)(3), Ala.Code 1975, which does not require the State to prove forcible compulsion for victims less than 12 years of age. Under the Alabama Criminal Code, if the offender is 16 years of age or older it is unnecessary that a victim less than 12 years of age show resistance to the rapist or perceive a threat. However, the burden on the prosecution becomes much heavier if the defendant is less than 16 years of age because the prosecution must prove the element of forcible compulsion. When the offender is a juvenile, the child victim must exert more of a struggle or feel more threatened than if the offender had been an adult, which is counterintui-tive.
I acknowledge that juveniles of a certain age may not consent to sexual intercourse; however, situations where juveniles instigate crimes of sexual assault, rape, or sexual abuse against other juveniles represent a substantial proportion of sexual offenses committed.
“Although the numbers vary, studies report a growing number of juvenile sexual offenders. As recently as the 1980s, little attention was given to juve *404 nile sexual offenders. However, this growing problem is finally attracting attention. In 2000, twenty-three percent of all sexual offenders were under the age of eighteen. Forty percent of those offenders victimized children under the age of six. In 2003, the Federal Bureau of Investigation (FBI) reported that of the 18,446 arrests made for forcible rapes, 1,108 of those arrested were under the age of fifteen and 2,966 were under the age of eighteen. Most disturbing is the report that of those 18,446 arrested, twenty-eight were under the age of ten, 266 were between the age of ten and twelve, and 814 were ages thirteen to fourteen. The report also showed that of the 63,759 arrests made for sexual offenses other than rape and prostitution, 6,531 of those arrested were under the age of fifteen and 12,747 were under the age of eighteen. Of those arrested under the age of fifteen, 420 were under age ten, 1,873 were ages ten to twelve, and 4,238 were ages thirteen to fourteen. Two commentators noted that ‘[t]he best available estimates claim that approximately twenty percent of all rapes and between thirty and fifty percent of all child molestations are perpetrated by adolescent males.’
“Some studies report that, overall, juvenile arrest rates have decreased since the 1980s. The FBI’s Violent Crime Index reports arrest rates for the most serious crimes, such as murder, forcible rape, robbery, and aggravated assault. In 2002, this report showed that, on average, juvenile arrests for these offenses had dropped by nineteen percent since 1998 to their lowest levels since 1980. While these numbers are encouraging, a closer look at the statistics reveals that there has not been a significant drop in juvenile sexual offenses. Forcible rape arrests dropped fourteen percent from 1998-2002, but arrests for sex offenses other than forcible rape and prostitution increased nine percent during that same period. In 2002, juveniles still made up twenty percent of arrests for sex offenses other than forcible rape and prostitution, and seventeen percent of arrests for forcible rapes.
“One study, by Howard Snyder of the National Center for Juvenile Justice, compiled data from the National Incident-Based Reporting System (NIBRS) to provide an interesting look at the age differences between juvenile offenders and juvenile victims. This data suggested that children nine-years-old and younger constituted seventy-eight percent of the victims of ten-year-old and under offenders, but only thirteen percent of the victims of seventeen-year-old offenders were nine or younger. Moreover, of all the victims under nine-years-old, sixty percent were victimized by offenders younger than fourteen and eighty-eight percent by offenders younger than fifteen.
“Not only are more and more juveniles committing sexual offenses, but their crimes are worsening in severity. For instance, in one [Texas] 2004 case, a fourteen-year-old juvenile was adjudicated delinquent on two counts of aggravated sexual assault for an attack on a nine-year-old girl. The victim’s head and genital region were bruised. Her injuries were severe enough to leave blood on her clothes and in her home. The examining counselor described the fourteen-year-old as a power rapist. In another case in Georgia, a sixteen-year-old was charged with raping two eight-year-olds, one of whom was his nephew. The youth was sentenced as a child molester because the rapes allegedly occurred on several occasions over an extended period of time.
[[Image here]]
*405 “Illustrations of this trend can be seen in Alabama in the first few months of 2003. In January of 2003, an Alabama boy, only twelve-years-old, was accused of involvement in the raping of a nine-year-old girl. One month later, a fourteen-year-old Alabama boy was accused of raping a thirteen-year-old girl at their junior high school. In April, also at a school, a fifteen-year-old Alabama boy was accused of raping a fourteen-year-old girl.”
Jessica S. Varnon, Difficult Decisions: Should Alabama Laws Be Tougher on Juvenile Sexual Offenders? 57 Ala. L.Rev. 205, 205-08 (Fall 2005) (footnotes omitted).
It is well settled that whether there has been forcible compulsion is a question for the trier of fact. McGlocklin v. State, 910 So.2d 154 (Ala.Crim.App.2005). Yet, proving the element of forcible compulsion as to a child victim is a daunting task because children have a limited understanding of sexual relations. There is a plethora of caselaw in Alabama as to the difficulty of proving this element as to a child victim. In Williford, the Supreme Court stated:
“The force necessary to sustain a conviction for first-degree rape or first-degree sodomy is relative. Pittman v. State, 460 So.2d 232, 235 (Ala.Crim.App. 1984) (‘The force required to consummate the crime [of rape] against a mature female is not the standard for application in a ease in which the alleged victim is a child thirteen years of age.’), writ quashed, 466 So.2d 951 (Ala.1985). ‘[T]he “totality of the circumstances” should be considered in deciding whether there was sufficient evidence of forcible compulsion....’ Parrish v. State, 494 So.2d [705] at 713 [ (Ala.Crim.App. 1985) ].
“In concluding that the evidence was sufficient to support a finding of forcible compulsion, the Court of Criminal Appeals relied on Parrish v. State, supra. In Parrish the evidence showed that Parrish touched a 12-year-old girl’s ‘private parts’ while the child pretended to be asleep on a bed in Parrish’s house. 494 So.2d at 706-09. Parrish was the boyfriend of the child’s mother. The child testified that Parrish held her down by placing his foot over her leg and that Parrish left the bedroom when she pretended to wake up. 494 So.2d at 707. There was blood in the child’s panties, and the Court of Criminal Appeals concluded there was no evidence of any reason for the blood ‘other than the attack itself.’ 494 So.2d at 711.
“In affirming Parrish’s conviction, the Court of Criminal Appeals held that the fact that a 12-year-old girl makes no effort to resist a sexual confrontation beyond pretending to be asleep does not negate the inference that sufficient legal force was used to satisfy the element of forcible compulsion. 494 So.2d at 709. The Court of Criminal Appeals also held that when the issue of sufficiency of the evidence is raised in a sexual-abuse case, questions involving resistance and consent must be viewed ‘ “in the frame of the age of the assaulted girl.” ’ 494 So.2d at 710 (quoting Smith v. State, 36 Ala.App. 209, 213, 55 So.2d 202, 206 (1951)). There was no evidence suggesting ‘that the victim requested, encouraged, consented to or otherwise gave permission or sanction to, [Parrish’s] actions.’ 494 So.2d at 713. The record did not contain any indication that Parrish could have entertained, at any time, ‘ “any idea or expectation of permissive” sexual contact.’ 494 So.2d at 713. The Court of Criminal Appeals also concluded that there was no reason for there to be blood in the child’s panties, other than Parrish’s attack. Considering the totality of the circumstances, the Court *406 of Criminal Appeals concluded that the record showed sufficient evidence of forcible compulsion to support a conviction of first-degree sexual abuse, [footnote omitted] 494 So.2d at 713. Therefore, forcible compulsion does not exist in a vacuum; rather, it is viewed in light of the surrounding circumstances, such as the respective ages of the victim and the perpetrator, the relationship between them, the circumstances under which the act took place, and any injuries the victim suffered.”
Ex parte Williford, 931 So.2d at 13-14.
In Powe v. State, 597 So.2d 721 (Ala. 1991), the Supreme Court stated:
“In Pittman \v. State, 460 So.2d 232, 235 (Ala.Crim.App.1984) ], the Court of Criminal Appeals held that ‘[i]t is clear that the force required to consummate rape in the first degree is necessarily relative. The force required to consummate the crime against a mature female is not the standard for application in a case in which the alleged victim is a child.’ 460 So.2d at 235. The Pittman court concluded that the evidence in that case was sufficient to satisfy the forcible compulsion element of rape in the first degree. Id. The evidence consisted mainly of the 13-year-old victim’s testimony that she initially refused to have intercourse with her stepfather, the defendant, but that she eventually cooperated after she was expressly threatened. 460 So.2d at 234-35.
“In Pamsh, the Court of Criminal Appeals addressed a sufficiency-of-the-evidence argument with regard to a first degree sexual abuse conviction. The first degree sexual abuse statute, like the first degree rape statute, requires a finding of forcible compulsion. See § 13A-6-66(a)(l), Ala.Code 1975.
“The evidence in Parrish showed that the defendant, who was the boyfriend of the victim’s mother, touched the 12-year-old victim’s private parts while the victim pretended to be asleep on a bed in the appellant’s house. 494 So.2d at 706-09. The victim in Parrish testified that the defendant held her down by putting his foot over her leg and that when she pretended to wake up, the defendant left the room. 494 So.2d at 707. In affirming the conviction, the Parrish court held that the mere fact that a 12-year-old girl makes no effort to resist a sexual confrontation does not negate the inference that sufficient legal force existed. 494 So.2d at 709. The court went on to hold that when a suffi-cieney-of-the-evidence issue is raised in cases stemming from an alleged sexual assault of minors, questions involving resistance and consent must be viewed in the context of the age of the assaulted minor. 494 So.2d at 710. Applying a totality-of-the-circumstances test, the court concluded that the record revealed a sufficient evidentiary showing on the forcible compulsion element of the crime charged. 494 So.2d at 713.
“Although the Parrish court ultimately held that the element of forcible compulsion was satisfied by the fact that the victim was held down by the defendant and by the fact that the victim stated that she had blood in her panties after the assault, other factors that the court considered significant were: (1) the victim’s age and the fact that the attack was perpetrated by the boyfriend of the victim’s mother; (2) that the defendant, who had been drinking and smoking marijuana, got into bed with the victim; (3) that the victim testified that the defendant had sexually molested her on another occasion but that her mother had ignored her when she tried to tell her about the assault; and (4) that the victim was in a particularly vulnerable *407 situation because the assault took place at the defendant’s residence. 494 So.2d at 710. The court, in Parrish, further noted that the jury had the opportunity to consider factors such as the relative size of the parties, their ages, and their social differences. Id.
“A third Court of Criminal Appeals case cited by the parties is Rider v. State, 544 So.2d 994 (Ala.Crim.App.1989), [overruled by R.E.N. v. State, 944 So.2d 981 (Ala.Crim.App.2006),] which was relied on by the court below in its reversal of Powe’s conviction. In Rider, as in Pittman and in Parrish, the defendant’s primary argument was that the evidence was insufficient to support a finding of forcible compulsion. 544 So.2d at 994. The defendant in Rider, the 27-year-old stepfather of the alleged victim, a child, was convicted of sexual abuse in the first degree and sodomy in the first degree. Id. The child testified that the defendant forced her hand onto his penis and that the defendant touched her breasts and her vagina. Id. The child further testified that the defendant performed oral sex on her and asked her to perform oral sex on him. Id. She testified that the touching began sometime after her 9th birthday and continued until around her 12th birthday. 544 So.2d at 995. When the prosecutor asked the child if she ‘voluntarily’ performed oral sex acts on the defendant, she did not answer. Id. She testified that she tried to ‘mind’ her stepfather because she ‘liked the way he treated her, like she was his only child.’ Id. She further stated that the defendant had never done anything to make her afraid of him and that she was not afraid of him. Id. In reversing the defendant’s conviction, the Rider court concluded that there was no evidence that the child made any protest or complaint to the defendant sufficient to indicate that her earnest resistance was overcome. Id. Applying the totality-of-the-circumstances standard, the court found that the evidence was insufficient to support a finding of either physical force or a threat, express or implied. 544 So.2d at 996.
“After reviewing the Court of Criminal Appeals’ decisions in Pittman, Parrish, and Rider, we find the facts of each to be distinguishable from the facts presented in the instant case. In Pittman, there was evidence that the victim was expressly threatened, and that evidence was held to be sufficient on the element of forcible compulsion. In Parrish, there was evidence that physical force was used to restrain the victim, and that evidence was held to be sufficient evidence on the element of forcible compulsion. Finally, in Rider, there was neither a threat of any kind nor the use of any physical force. Furthermore, there was nothing in the record to show that the sex acts were anything other than voluntary.
“The record in this case reveals no evidence that physical force was used on the victim or that the victim was expressly threatened. Therefore, we find the Court of Criminal Appeals’ decisions in Pittman and Parrish, since those cases, respectively, concern evidence of physical force and evidence of an express threat, to be inapplicable under the facts of the present case. Furthermore, we distinguish the Rider case because we find that the evidence in the present case, unlike the evidence in Rider, merits an analysis of whether, viewing the totality of the circumstances, a jury could properly find that an implied threat was made against the victim sufficient to satisfy the element of forcible compulsion.”
Powe v. State, 597 So.2d at 725-26.
This Court has previously held that the element of forcible compulsion can be *408 proved without evidence of physical force or evidence of an express threat if the defendant was in position of dominance or control over the victim, which is evidence of an implied threat. Powe v. State, 597 So.2d 721 (Ala.1991). In Ex parte J.A.P., 853 So.2d 280 (Ala.2002), a “delinquency petition was filed in the Jefferson Juvenile Court, charging J.A.P., a 14-year-old male, with the attempted first-degree rape of his 9-year-old half sister, L.P.” 858 So.2d at 281. J.A.P. argued on appeal that there was insufficient evidence of forcible compulsion to adjudicate him delinquent of the petition. The Court of Criminal Appeals held that there was sufficient evidence to adjudicate J.A.P. delinquent of attempted first-degree rape:
“The record indicates the following: The incident in question occurred when the appellant and the victim were alone at home. The appellant, who was approximately four and a half years older than the victim, made the victim watch a pornographic video, attempted to engage in sexual intercourse with her, and told the victim not to tell anyone. This was not the first incident of the sexual abuse of the victim. From the time that she was four or five years old, the victim had been the object of continued sexual abuse by older males, including C.P. (the appellant’s brother, who was five years older than the appellant), a friend of C.P.’s, an uncle, and the appellant. (R. 60-61, 72-73.) The appellant had shown the victim a pornographic video on at least one previous occasion; he had touched the victim in her genital area with his penis on at least one occasion before this incident; and he had touched the victim’s genital area with his fingers on numerous occasions. (R. 60, 62, 72, 79-81.) The evidence also indicated that the appellant and the victim were raised in a dysfunctional household, in the presence of a parent and a stepparent who abused alcohol and/or took illegal drugs, and that they were quite often left to fend for themselves, without parental supervision, and with ready access to pornographic videos. (R. 119-61.)
“With respect to the incident in question, the victim testified that the appellant ‘made’ her watch the pornographic video by telling her to ‘come on’ and'that she always knew when she was told to watch one of the pornographic videos with her older half brothers that sexual contact would follow. The victim also testified that she was ‘afraid’ of the appellant and that she knew that what he was doing was wrong. (R. 51-54, 57-59, 65-69, 79, 83-85, 90.) The evidence revealed a continuing pattern of sexual abuse by the victim’s older half brothers. The victim acknowledged a fear of any male who wanted to touch her. (R. 92-93.)
“The appellant testified that he had been sexually abused by his brother, C.P., on a number of occasions. (R. 172-75.) He also stated during the hearing that nothing had physically prevented him from engaging in sexual intercourse with the victim. He testified that he had aborted his attempt to penetrate the victim because she began to cry. The evidence also indicated, and the juvenile court noted, that the appellant had previously told a police investigator that he had stopped because he could not physically insert his penis into the victim’s vagina. (R. 202-06.)”
J.A.P. v. State, 853 So.2d 264, 266-67 (Ala.Crim.App.2001).
The Court of Criminal Appeals relied on B.E. v. State, 778 So.2d 863 (Ala.Crim.App.2000), which held that there was sufficient evidence of forcible compulsion where the juvenile offender was an older family member who exerted dominance and con- *409 tool over the juvenile victim. However, the Alabama Supreme Court reversed the judgment of the Court of Criminal Appeals, overruling B.E. v. State, and limited Powe ⅛ holding to cases involving sexual assaults by adults on child victims.
Therefore, requiring that the State prove that a child victim “earnestly resisted” another juvenile’s physical force to perform sexual acts, in effect, requires the victim to understand the nature of sexual activity and appreciate why it is inappropriate or wrong, which the child victim may be incapable of doing. Certainly very young children do not understand the ramifications of sexual activity but can be emotionally scarred for life when victimized. Further, whether the offending juvenile exerted control or dominance over the juvenile victim may not be considered as sufficient evidence that there was forcible compulsion. However, younger children are often placed under the supervision of older, more mature children for shorter periods when adult supervision may not be available. Moreover, even if a younger child is not being supervised by another older child, the younger child often will imitate the older child or accede to the wishes of the older child either out of ignorance or peer pressure. Older children have an acute effect upon the behavior of a younger children, and there is a tendency among young children to imitate and accede to the demands of an older child, which may stem from a desire to act more like a “grown up.” Older children may use this willingness to take advantage of younger children, sometimes in ways that are harmless, but sometimes, as in this case, in an invidious manner to entice a younger child to do something harmful to themselves.
In addition, § 18A-6-70(c)(l), Ala.Code 1975, states that victims less than 16 years old are incapable of consent as a matter of law. I believe that child victims of young and tender years do not understand the nature and consequences of sexual relations; therefore, force and/or threats, whether express or implied, should not be an element of a juvenile sex offense if the victim is below a certain age, regardless of the age of the offender. The precise age at which forcible compulsion should continue to be an element of juvenile sex offenses is a matter to be determined by the legislature.
The Alabama Juvenile Justice Act, § 12-15-101, Ala.Code 1975, was enacted “to facilitate the care, protection, and discipline of children who come under the jurisdiction of the juvenile court, while acknowledging the responsibility of the juvenile court to preserve the public peace and security.” Under the provisions and mechanisms of this act, juvenile sex offenders may be appropriately disciplined and rehabilitated for the offenses which they commit. I respectfully request the Alabama Legislature to remove “forcible compulsion” as an element from sexual offenses committed against child victims of young and tender years who have been sexually assaulted by child offenders of young and tender years. Without this amendment, there is no adequate statute to bring these juvenile offenders within the jurisdiction of the juvenile court for punishment and treatment.